UNITED STATES of America,
Plaintiff-Appellee

v.

George Ershin POINDEXTER,
Defendant-Appellant.

UNITED STATES of America,
Plaintiff-Appellee

v.

Fay Albert CARRELL, Defendant-Appellant.

UNITED STATES of America,
Plaintiff-Appellee

v.

Melvin Glen MARTIN, Defendant-Appellant.

Nos. 14477–14479.

United States Court of Appeals
Sixth Circuit.

Aug. 1, 1961.

**330**

Jerome A. Moore, Asst. U. S. Atty., Detroit, Mich. (Lawrence Gubow, U. S. Atty., Detroit, Mich., on the brief), for plaintiff-appellee.

David N. Gorman, Cincinnati, Ohio, for defendants-appellants.

Before CECIL, WEICK and O'SULLIVAN, Circuit Judges.

CECIL, Circuit Judge.

These cases are on appeal from an order of the United States District Court, for the Eastern District of Michigan, Southern Division, denying the motions of the appellants for vacation of sentences under section 2255, Title 28 U.S.C.

The appellants, George Ershin Poindexter and Fay Albert Carrell, were charged jointly in a two-count information with entering The Union State Bank of Laingsburg with intent to commit larceny and with stealing a check protector valued in excess of $100, in violation of sections 2113(a) and 2113(b), respectively, of Title 18, U.S.C. This information was dated March 7, 1960. On the same date, the defendants, in open court, waived prosecution by indictment and consented to proceeding on information. The defendant Poindexter pleaded guilty to both counts on March 31, 1960, and was sentenced to five years imprison-

ment, on each count, the sentences to run concurrently. Carrell pleaded guilty to the first count and was sentenced to imprisonment for five years. The second count was dismissed.

Melvin Glen Martin was charged in a similar information under date of April 18, 1960, and on the same date, in open court, consented to prosecution by information. He pleaded guilty to both counts on April 29, 1960 and was given the same sentence as that received by Poindexter.

It was alleged in both counts of the informations that the bank was insured by the Federal Deposit Insurance Corporation.

Each of these appellants simultaneously filed similar motions for vacation of sentence under section 2255, Title 28, U.S.C. The motions were considered together and on December 14, 1960, they were "dismissed as the files and records of each of the cases conclusively show that each defendant is entitled to no relief."

One of the complaints made by the appellants is that the offenses with which they were charged in the informations were not federal offenses. Subdivision (f) of section 2113 defined "bank" as follows: "As used in this section the term 'bank' means * * * any bank the deposits of which are insured by the Federal Deposit Insurance Corporation." It was alleged in the informations that the bank which was the subject of the offenses charged was so insured. It makes no difference whether the offense is committed when the bank is open for business or when it is closed after banking hours. There is no merit to the claim that the bank was unoccupied. The Supreme Court of the United States recognized that the offenses described in this section were federal offenses. See Prince v. United States, 352 U.S. 322, 77 S.Ct. 403, 1 L. Ed.2d 370.

The principal question involved here and to which all of the other complaints of the appellants are directed is whether under the information they could have

been convicted under subdivision (e) of section 2113, which provides a death penalty under certain circumstances.

Under Rule 7 of the Federal Rules of Criminal Procedure, 18 U.S.C., "An offense which may be punished by death shall be prosecuted by indictment." The precise question at issue, therefore, is whether the appellants, under the offenses with which they were charged, had to be prosecuted by indictment.

In support of this contention the appellants rely to a large extent on Smith v. United States, 360 U.S. 1, 79 S.Ct. 991, 3 L.Ed.2d 1041. In this case, the Supreme Court interpreted the kidnaping statute, section 1201 of Title 18, U.S.C., which provides, "Whoever knowingly transports in interstate * * * commerce, any person who has been unlawfully * * * kidnaped, * * * shall be punished (1) by death if the kidnaped person has not been liberated unharmed, and if the verdict of the jury shall so recommend, or (2) by imprisonment for any term of years or for life, if the death penalty is not imposed."

There the defendant was charged by information with kidnaping under this section of the statute. It was not alleged in the information that the kidnaped person was released unharmed and the court held that under the charge as framed evidence could have been offered that the victim was harmed and thus be subjected to the death penalty.

The court construed this statute, "to create the single offense of transporting a kidnapping victim across state lines." The court said, 360 U.S. at page 8, 79 S.Ct. at page 996: "Under the statute, that offense is punishable by death if certain proof is introduced at trial."

In our judgment the kidnaping section is not analogous to section 2113, now under consideration. We need not carry the reasoning of the Smith opinion over to the case at bar. The Supreme Court has construed section 2113 in recent opinions which we will discuss later.

Section 2113, with which we are concerned, creates several offenses and provides a penalty for each.

Subdivision (a), in the first paragraph, defines robbery of a bank by force and violence. The second paragraph makes it an offense to enter a bank with intent to commit a felony. This permits prosecution of one who attempts robbery or other felony and fails in the consummation of it. The penalty is a fine of not more than $5,000 or imprisonment of not more than twenty years or both. Subdivision (b) defines larceny. If the value of the thing stolen exceeds $100, the penalty is a fine of not more than $5,000 and imprisonment not to exceed ten years or both. If the value is less than $100, the penalty is a fine of not more than $1,000 and imprisonment of not more than one year or both. Subdivision (c) creates the offense of receiving and concealing any property or money taken in violation of (b) and prescribes the same penalty. Subdivision (d) provides that if one aggravates (a) or (b) by assaulting any person, or by putting the life of any person in jeopardy, by the use of a dangerous weapon, he shall be subjected to a fine of $10,000 or imprisonment for twenty-five years or both.

Subdivision (e) provides, "Whoever, in committing any offense defined in this section, or in avoiding or attempting to avoid apprehension for the commission of such offense, or in freeing himself or attempting to free himself from arrest or confinement for such offense, kills any person, or forces any person to accompany him without the consent of such person, shall be imprisoned not less than ten years, or punished by death if the verdict of the jury shall so direct."

It seems inconceivable that one could be convicted of subdivision (e) under an information that alleges only facts to support a charge under (a) or (b).

In Prince v. United States, supra, the Court said that a conflict had arisen with reference to the interpretation of section 2113 and certiorari was granted to resolve the conflict. We do not discuss the prior Circuit Court cases.

In the Prince case the defendant robbed a bank with the use of a revolver.

He was indicted by the grand jury on two counts, the first for robbery and the second for entering the bank with intent to commit a felony. Both charges were under subdivision (a). He was not indicted on a count under (d), although he might have been. He was convicted on both counts and the trial judge gave him consecutive sentences.

The court said, 352 U.S. at page 323, 77 S.Ct. at page 404: "That statute creates and defines several crimes incidental to and related to thefts from banks organized or insured under federal laws. Included are bank robbery and entering a bank with intent to commit a robbery." At page 327 of 352 U. S., at page 406 of 77 S.Ct.: "It was manifestly the purpose of Congress to establish lesser offenses. But in doing so there was no indication that Congress intended also to pyramid the penalties." The court held that the lesser crime was merged into the consummated robbery and that consecutive sentences could not be given.

In Heflin v. United States, 358 U.S. 415, 79 S.Ct. 451, 3 L.Ed.2d 407, the defendant was indicted on three counts. One count charged robbery by force and violence and assaulting and jeopardizing the lives of several persons in violation of section 2113(d). Another count charged receiving and concealing stolen property under section 2113(c). The third count charged conspiracy. The court held that the defendants who committed the robbery could not be charged with a violation of (c) for receiving the money which they obtained by robbery. This was a separate offense.

In Green v. United States, 365 U.S. 301, 81 S.Ct. 653, 5 L.Ed.2d 670, the defendant was convicted on a three-count indictment under section 2113. The three counts were 1. entering a bank with intent to commit a felony in violation of (a); 2. robbing the bank also in violation of (a) and 3. assaulting or putting in jeopardy the lives of persons by use of a dangerous weapon, in violation of (d). Separate sentences were imposed on each count to run concurrently. The defendant objected to separate sentences on the second and third counts. The court said, 365 U.S. at page 306, 81 S.Ct. at page 656: "This is not a case where sentence was passed on two counts stating alternative means of committing one offense; rather, *the third count involved additional characteristics which made the offense an aggravated one—* namely, putting persons in jeopardy of life by use of a dangerous weapon." (Emphasis added.) The court considered that sentences should not have been imposed on both the second and third counts. However, since they were made to run concurrently and did not exceed the maximum provided by (d) they were not disturbed.

See also: United States v. Drake, 7 Cir., 250 F.2d 216; Smith v. United States, 4 Cir., 250 F.2d 37, certiorari denied, 355 U.S. 965, 78 S.Ct. 555, 2 L.Ed. 2d 540.

While it is true that in none of these cases was the question presented whether a conviction of (e) could be had under the allegations of a charge of simple robbery or attempt to rob as defined by (a), it is significant that in all of them there were separate counts which contained facts sufficient to bring them within the applicable subdivision.

■■ It would seem that the greater includes the lesser but the reverse is not true. That is, a simple charge of robbery or entering with intent to rob will be merged into the more aggravated offenses defined by subdivisions (d) and (e), but charges under (a) and (b) will not admit of proof to establish (d) and (e).

It is like homicide charges in some states. A charge of first degree murder will support a conviction of murder in the second degree or of manslaughter, but an indictment for one of the lesser offenses will not admit of a conviction for a higher one.

The appellants cite no cases to us directly in point in support of their theory.

■ Finally, *in each information, after the operative facts of each count were alleged, it was stated "in violation of section 2113(a), Title 18, United States Code" and "in violation of section 2113*

(b), Title 18, United States Code," respectively. This is in accordance with the provisions of Rule 7(c) of the Federal Rules of Criminal Procedure. This serves to limit the charge to the offense defined in the statute or subdivision thereof which is cited in the information.

■ Error in the citation or the omission of it is not ground for dismissal of the information or reversal of the conviction unless the defendant is misled to his prejudice. He would obviously be prejudiced, if an attempt were made to prove the aggravated offense described in (e), under an information in which it was alleged that he violated (a).

We conclude that the appellants were properly charged by information and that their conviction on pleas of guilty were in conformity to law and not in violation of any of their legal rights.

The judgment of the district court is affirmed.