Roger Wayne WILLIAMS, Petitioner-Appellant,

v.

UNITED STATES of America, Respondent-Appellee.

Victor Otto ORESKOVICH, Petitioner-Appellant,

v.

UNITED STATES of America, Respondent-Appellee.

Nos. 13568–13569.

United States Court of Appeals
Seventh Circuit.

April 19, 1962.

James M. Shellow, Milwaukee, Wis., for appellant.

Louis W. Staudenmaier, Jr., Asst. U. S. Atty., Milwaukee, Wis., James B. Brennan, U. S. Atty., for appellee.

Before HASTINGS, Chief Judge, and CASTLE and SWYGERT, Circuit Judges.

CASTLE, Circuit Judge.

These cases are on an appeal from an order of the United States District Court for the Eastern District of Wisconsin denying the motions of the appellants for vacation of sentences under Section 2255, Title 28 U.S.C.

Appellants were charged in a two count indictment with conspiracy to violate the Bank Robbery Statute (Count 1), and with the violation of said statute, Section 2113(a), Title 18 U.S.C.A., (Count 2), in the following words:

" * * * did knowingly, wilfully and unlawfully attempt to enter the State Bank of Franksville, Franksville, County of Racine, State of Wisconsin, a banking institution, the deposits of which bank are insured by the Federal Deposit Insurance Corporation, with the intent to commit in such bank a felony affecting the said State Bank of Franksville, to-wit, to take therefrom money which was in the care, custody, control, management and possession of said bank; all in violation of Section 2113(a), Title 18, United States Code of Laws."

The conspiracy count was dismissed as to the appellant, Oreskovich, who pleaded guilty to the violation of the Bank Robbery Statute and was sentenced to a term of seven and one-half years thereon. Appellant, Williams, pleaded guilty to both counts of the indictment and was sentenced to five years on the conspiracy count and to ten years on the violation of the Bank Robbery Statute. Said sentences are to be served concurrently. At the time of entering the pleas of guilty both defendants were represented by court-appointed counsel.

The facts are relatively short and about which there is no dispute and are substantially as follows:

At approximately 9:00 P.M. on October 31, 1959 the petitioners attempted unsuccessfully to enter the Franksville State Bank at Franksville, Wisconsin. At the time of this attempted entry the bank was unoccupied. The contention of appellants is that the entry of an unoccupied bank is not an offense under Section 2113(a), Title 18 U.S.Code. The applicable provisions of Section 2113(a), Title 18 U.S.C.A., are as follows:

"Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, or any savings and loan association; or

"Whoever enters or attempts to enter any bank, or any savings and loan association, or any building used in whole or in part as a bank, or as a savings and loan association, with intent to commit in such bank, or in such savings and loan association, or building, or part thereof, so used, any felony affecting such bank or such savings and loan association and in violation of any statute of the United States, or any larcency—

"Shall be fined not more than $5,-000 or imprisoned not more than twenty years, or both."

In United States v. Poindexter, et al., 293 F.2d 329 at 330 (6th Cir. 1961) this same question was raised and the court made the following statement:

"It makes no difference whether the offense is committed when the bank is open for business or whether it is closed after banking hours. There is no merit to the claim that the bank was unoccupied."

When the second paragraph of 18 U.S.C.A. § 2113(a) was enacted in 1937 it did not embody the strict common law definition of the word "burglary", but rather it was intended to apply to any unlawful entry of a bank. Nowhere in the statute is there any indication that the statute is meant to apply only in cases where the entry or attempt is of a presently occupied bank. Whereas, in the first paragraph of 18 U.S.C.A. § 2113(a) the attempt must be "to take, from the person or presence of another" the second paragraph which was the part added in 1937, stands mute on this point. We believe the intent of Congress was to make any unlawful entry or attempted entry of a bank, regardless of its current state of habitation, a federal crime.

We hold that the convictions on pleas of guilty were in conformity with law and not in violation of any of appellants' legal rights. We have considered other points raised by appellants but find them without merit. Moreover, we agree with Link v. United States, 8 Cir., 295 F.2d 259 that the grounds here asserted by appellants do not constitute a proper collateral attack which can be made under Sec. 2255. Cf. Klein v. United States, 7 Cir., 204 F.2d 513 and United States v. Hoyland, 7 Cir., 264 F.2d 346.

We wish to thank Mr. James M. Shellow, court-appointed counsel, for his representation of appellants in this case.

The judgment of the District Court is affirmed.

Affirmed.