443 F.2d 370
 Don B. COOK, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
No. 30359 Summary Calendar.*
*(1) Rule 18, 5 Cir.; See Isbell Enterprises, Inc.
v.
Citizens Casualty Co. of New York et al., 5 Cir. 1970, 431
F.2d 409, Part I.
 United States Court of Appeals, Fifth Circuit.
 May 26, 1971.
 
 Don B. Cook, pro se.
 Roby Hadden, U.S. Atty., James F. Parker, Jr., Asst. U.S. Atty., for respondent-appellee.
 Before GEWIN, GOLDBERG, and DYER, Circuit Judges.
 PER CURIAM:
 
 
 1
 This is an appeal from the district court's denial of the appellant's motion to vacate judgment and sentence in accordance with 28 U.S.C. 2255. We affirm.
 
 
 2
 Appellant's sole contention on appeal is that entry or attempted entry of a federally insured bank at a time when the bank's premises are unoccupied, does not as a matter of law constitute a violation of 18 U.S.C. 2113(a).[1]
 
 
 3
 The identical question was presented in United States v. Poindexter, 6th Cir. 1961, 293 F.2d 329, at 330, which held that 'it makes no difference whether the offense is committed when the bank is open for business or whether it is closed after banking hours. There is no merit to the claim that the bank was unoccupied.' Following the Poindexter decision the Seventh Circuit in Williams v. United States, 7th Cir. 1962, 301 F.2d 276 at 277, pointed out that, 'whereas, in the first paragraph of 18 U.S.C.A. 2113(a) the attempt must be 'to take, from the person or presence of another' the second paragraph which was the part added in 1937, stands mute on this point.' That court concluded that 'the intent of Congress was to make any unlawful entry or attempted entry of a bank, regardless of its current state of habitation, a federal crime.'
 
 
 4
 We agree with the Sixth and Seventh Circuits that there is no merit to the appellant's contention. Accordingly, the judgment below is affirmed.
 
 
 5
 Affirmed.
 
 
 
 [1]
 Section 2113(a) provides:
 'Bank robbery and incidental crimes
 (a) Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, or any savings and loan association; or
 Whoever enters or attempts to enter any bank, or any savings and loan association, or any building used in whole or in part as a bank, or as a savings and loan association, with intent to commit in such bank, or in such savings and loan association, or building, or part thereof, so used, any felony affecting such bank or such savings and loan association and in violation of any statute of the United States, or any larceny--
 Shall be fined not more than $5,000 or imprisoned not more than twenty years, or both.'