**BARNETT v. HUNTER, Warden.**

**No. 2743.**

Circuit Court of Appeals, Tenth Circuit.

Oct. 29, 1943.

James I. Barnett, pro se.

Eugene W. Davis, Asst. U.S. Atty., of Topeka, Kan. (George H. West, U. S. Atty., of Kansas City, Kan., on the brief), for appellee.

Before PHILLIPS, HUXMAN, and MURRAH, Circuit Judges.

PHILLIPS, Circuit Judge.

This is an appeal from an order denying a petition for a writ of habeas corpus.

Two indictments were returned against Barnett,[1] one in the District Court of the United States for the Northern District of Iowa, and the other in the District Court of the United States for the Southern District of Iowa. They were numbered 2068 and 4769, respectively, and each contained two counts. Count one of the indictment in No. 2068 charged that petitioner entered a bank, the deposits of which were insured under the Federal Deposits Insurance Act, with intent to commit a felony under state law, in such bank. The first count of the indictment in No. 4769 charged that the petitioner entered a national bank with intent to commit a felony under state law, in such bank. Neither of these counts charged an offense against the United States. Jerome v. United States, 318 U.S. 101, 63 S.Ct. 483, 87 L.Ed. ——.

The second count in No. 2068 charged that petitioner on February 5, 1942, with unlawful and fraudulent intent did cause to be transported by means of the United

---

[1] Hereinafter called petitioner.

States mail in interstate commerce from the city of Cedar Rapids, Iowa, to the city of South Bend, Indiana, a certain falsely made and counterfeited check in the sum of $375, dated February 4, 1942, purporting to be drawn and signed by one C. W. Helm who was a fictitious person and had no funds in such bank for the payment of such check. The second count in No. 4769 charged that petitioner, on February 11, 1942, "did unlawfully and feloniously, take and carry away with intent to steal and purloin, Two Hundred and Seventy-five ($275.00) of the moneys, funds and credits of the said Central National Bank and Trust Company of Des Moines, Iowa, * * * a national banking association. * * *"

The petitioner appeared in person and by counsel and entered pleas of guilty to both counts of each indictment. In No. 2068, he was sentenced to imprisonment in an institution of the penitentiary type for a period of three years. In No. 4769, he was sentenced to imprisonment in an institution of the penitentiary type for period of three years on count one and a period of three years on count two, to run concurrently with each other and concurrently with the sentence imposed in No. 2068.

18 U.S.C.A. § 415, in part, provides:

" * * * whoever with unlawful or fraudulent intent shall transport or cause to be transported in interstate or foreign commerce any falsely made, forged, altered, or counterfeited securities, knowing the same to have been falsely made, forged, altered, or counterfeited, * * * shall be punished by a fine of not more than $10,000 or by imprisonment for not more than ten years, or both: * * *."

18 U.S.C.A. § 414(b), defines the term "securities" and expressly includes therein checks.

The second count in No. 2068 clearly charged an offense under the above statute and, by his plea of guilty, petitioner admitted the facts therein charged.

Petitioner asserts that to constitute an offense within § 415, supra, it is necessary that the security be for $5,000. There is no such limitation with respect to the offense defined in the quoted portion of that section.

12 U.S.C.A. § 588b, in part, provides:

" * * * whoever shall take and carry away, with intent to steal or purloin, any property or money or any other thing of value exceeding $50 belonging to, or in the care, custody, control, management, or possession of any bank, shall be fined not more than $5,000 or imprisoned not more than ten years, or both; * * *."

The second count in No. 4769 clearly charged an offense under such section and the petitioner, by his plea of guilty, admitted the facts therein alleged.

All the sentences ran concurrently and if either count two in No. 2068 or count two in No. 4769 charged an offense, petitioner is not entitled to discharge.

Affirmed.