Kenneth Allen KITTS, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 15667.

United States Court of Appeals
Eighth Circuit.

May 6, 1957.

Hugh J. Boyle, Omaha, Neb., filed brief for appellant.

F. E. Van Alstine, U. S. Atty., Sioux City, Iowa, filed brief for appellee.

Before JOHNSEN, VOGEL, and VAN OOSTERHOUT, Circuit Judges.

PER CURIAM.

This is an appeal from final order denying defendant Kitts' motion, made pursuant to 28 U.S.C. § 2255, to vacate consecutive sentence previously imposed upon Count II of a three-count indictment.

It is defendant's contention that Counts I and II of the indictment, for the purpose of sentence, charged but one offense, and that only one sentence could legally be imposed. Counts I and II of the indictment were based on the federal bank robbery law, 18 U.S.C. § 2113. Count I, based upon the second paragraph of 2113(a), charged defendant entered the insured bank with intent to commit a felony affecting said bank, the felony being larceny of property of the bank exceeding $100 in value. Count II, based upon 2113(b), charged larceny of the bank's property exceeding $100 in value. After conviction upon all counts, defendant was sentenced to imprisonment for 20 years upon Count I and to imprisonment for 10 years upon Count II, said sentences to run consecutively.[1]

The issue for determination is whether a person who has been convicted and given a maximum sentence for entering a bank with intent to commit the felony of larceny in violation of 2113(a) can also be given a consecutive sentence upon conviction of larceny from the bank in violation of 2113(b).

In Prince v. United States, 352 U.S. 322, 77 S.Ct. 403, 407, 1 L.Ed.2d 370, the Supreme Court was confronted with the problem of whether defendant's conviction upon counts charging robbery and entering a bank with intent to commit a felony justified the imposition of separate consecutive sentences upon each count. To solve this problem the Supreme Court found it necessary to consider the legislative history of the amendment enlarging the bank robbery statute to its present form. As a result of such study, the Court concluded that Congress did not intend to pyramid penalties by authorizing the imposition of a separate penalty for the violation of each subsection of the bank robbery statute.

Our present case differs from the Prince case in that here no robbery is charged. The offenses before us are entering the bank with intent to commit a felony affecting the bank as defined in 2113(a) and larceny as defined in 2113(b). It appears to us that in the Prince case the Supreme Court has determined that upon multiple convictions under the various subsections of the bank robbery statute only one sentence can be imposed. The Court states:

"We hold, therefore, that when Congress made either robbery or an entry for that purpose a crime it intended that the maximum punishment for robbery should remain at 20 years, but that even if the culprit should fall short of accomplishing his purpose, he could be imprisoned for 20 years for entering with the felonious intent.

"While reasonable minds might differ on this conclusion, we think it is consistent with our policy of not attributing to Congress, in the enactment of criminal statutes, an intention to punish more severely than the language of its laws clearly

---

1. Defendant in his brief states that the concurrent sentence imposed upon Count III is not involved in this proceeding, and that the Count III conviction is not

based upon the Bank Robbery Act. Hence, we give the sentence imposed upon Count III no consideration.

imports in the light of pertinent legislative history."

We believe that the foregoing language makes clear that the 20-year sentence provided in 2113(a) can be imposed for entering a bank with felonious intent, and that consequently defendant was properly sentenced to 20 years on Count I.

We also believe that it is apparent from the Prince decision that the additional sentence, based upon the defendant's conviction under 2113(b), pertaining to larceny from a bank, can not be superimposed upon the Count I sentence. In connection with its discussion of the legislative history of the amendments to the bank robbery statute, the Court states:

"The Government asks us to interpret this statute as amended to make each a completely independent offense. It is unnecessary to do so in order to vindicate the apparent purpose of the amendment. The only factor stressed by the Attorney General in his letter to Congress was the possibility that a thief might not commit all the elements of the crime of robbery. It was manifestly the purpose of Congress to establish lesser offenses. But in doing so there was no indication that Congress intended also to pyramid the penalties.

"The Attorney General cited the situation of larceny to illustrate his position. It is highly unlikely that he would have wanted to have the offender given 10 years for the larceny plus 20 years for entering the bank with intent to steal. * * *"

The Prince case was decided by the Supreme Court after the briefs were filed in this case. Subsequent to the Prince decision, the United States has confessed error in the order entered below. Since we believe the question presented by this appeal is an important one and there is a factual distinction between this case and the Prince case, we have considered this appeal on its merits.

From the record before us, it seems clear that it was the trial court's intention to subject the defendant to the maximum term of imprisonment for which the statute provides. The maximum penalty provided for the charges involved in the indictment in this case is the 20-year penalty authorized for violation of 2113(a), upon which statute the conviction and sentence under Count I of the indictment were based. The defendant recognizes these realities and is seeking simply to have vacated the 10-year sentence under 2113(b), which the court superimposed upon his 20-year term.

The judgment of the trial court denying defendant's motion to vacate the sentence imposed under Count II of the indictment is reversed, and this case is remanded to the trial court with directions to vacate the sentence imposed under Count II of the indictment.