**Richard LA DUKE, Appellant,**

**v.**

**UNITED STATES of America,**
**Appellee.**

**No. 15946.**

United States Court of Appeals
Eighth Circuit.

March 31, 1958.

Richard LaDuke, pro se.

Joseph P. Jenkins, Kansas City, Kan., for appellant.

George E. MacKinnon, U. S. Atty., St. Paul, Minn., for appellee.

Before GARDNER, Chief Judge, and VOGEL and MATTHES, Circuit Judges.

MATTHES, Circuit Judge.

An indictment filed September 15, 1955, in the United States District Court, District of Minnesota, Fourth Division, charged that on December 26, 1954, Richard LaDuke wilfully and feloniously entered an insured bank with intent to commit in such bank a larceny of property and money having a value of more than $100, in violation of Title 18 U.S.C.A. § 2113(a).

With his counsel present, defendant entered a plea of guilty to the charge on November 28, 1955, and on November 29, 1955, received a sentence of imprisonment for a term of eight years, to be served concurrently with a prior four-year term imposed by the same court for an unrelated offense.

On October 4, 1957, LaDuke filed motion under Title 28 U.S.C.A. § 2255, to "vacate Sentence and Judgment and/or Correct, same," on the ground that he was "erroneously, wrongfully, and unlawfully" indicted under Title 18 U.S. C.A. § 2113(a) [1], asserting that he should have been indicted under Title 18 U.S. C.A. § 2113(b) [2]. After consideration, the court, on October 17, 1957, denied the motion, and from that order LaDuke has appealed to this Court.

Relying on Prince v. United States, 352 U.S. 322, 77 S.Ct. 403, 1 L.Ed.2d 370, decided at October Term, 1956, opinion filed February 25, 1957, appellant urges with much insistence that the crime of entering the bank with intent to commit a felony or larceny, Title 18 U.S.C.A. § 2113(a), supra, could not form the basis for an indictment when in fact the *intent* was accomplished by the unlawful taking of money from the bank; that when the larceny became an accomplished act, the crime of entering for the unlawful purpose merged with the crime of larceny. Upon this premise, and contending that the amount he purloined was less than $100, appellant insists that he was subject to imprisonment for a term not to exceed one year.

At the outset we observe that the record affords meagre proof of the amount, if any, of the money stolen by appellant after the entry was made for the unlawful purpose. In detailing the events surrounding the burglary, appellant informed the Court that "I was in there and I was one that did some of the cutting on the safe in there, the doors of the safe, and pried it open. I believe I was the guy that picked up the change in there." This statement,

[1]. "Whoever enters or attempts to enter any bank, or any savings and loan association, or any building used in whole or in part as a bank, or as a savings and loan association, with intent to commit in such bank, or in such savings and loan association, or building, or part thereof, so used, any felony affecting such bank or such savings and loan association and in violation of any statute of the United States, or any larceny—

"Shall be fined not more than $5,000 or imprisoned not more than twenty years, or both."

[2]. "Whoever takes and carries away, with intent to steal or purloin, any property or money or any other thing of value not exceeding $100 belonging to, or in the care, custody, control, management, or possession of any bank, or any savings and loan association, shall be fined not more than $1,000 or imprisoned not more than one year, or both."

with an allegation in his motion to vacate sentence and judgment that the amount carried away from the bank was less than $100, constitutes the factual support for the contention that a larceny was perpetrated. The Government takes the position that in view of the record in this case, regardless of what occurred after appellant made the entry for a purpose prohibited by the statute, he was properly prosecuted under Sec. 2113(a), supra, consequently, it has not challenged the correctness of the contention that a larceny was in fact committed.

Inasmuch as the history of the presently constituted Bank Robbery Act, Title 18 U.S.C.A. § 2113, received consideration in Prince v. United States, supra, and was exhaustively reviewed in Purdom v. United States, 10 Cir., 249 F.2d 822, a re-examination thereof would invite the charge of redundancy.

The substance of the point raised by appellant is that Prince v. United States, supra, holds that in all cases arising under the Bank Robbery Act, supra, Title 18 U.S.C.A. § 2113, the offense of entering the bank for an unlawful purpose merges into the offense of robbery or larceny when either of the latter offenses is committed, and that in such a situation, the offender cannot lawfully be prosecuted for the first offense. We are not persuaded to place this interpretation on the holding of the Supreme Court in the Prince case. There, the Court was dealing with a situation where the offender, in a two-count indictment, was charged first with robbery, and then with entering the bank for the purpose of committing a felony, which resulted in a penalty being inflicted for both offenses. In seeking to ascertain the intent of Congress with respect to the punishment that might be imposed under the Act, the Court decided that where one enters a bank for the purpose of committing an unlawful act and actually consummates a robbery or larceny, the Government may not properly prosecute for both crimes and thereby pyramid the penalties. In the instant case,

the appellant was charged in a single count indictment with the crime of entering a bank for the purpose of committing a larceny, and for that offense, to which he pled guilty, it was determined he should be punished by imprisonment for eight years. He was not charged or penalized for the offense of larceny.

Sanction of the contention here advanced could produce a strange anomaly. For if one entered a bank bent on perpetrating a larceny, but for some reason his intent was frustrated before the unlawful act was accomplished, he could properly be sentenced for a period not to exceed twenty years. On the other hand, if, after entering the bank for the unlawful purpose, he committed a theft of an amount not to exceed $100, he could be punished by a sentence not to exceed one year. We do not believe such an incongruous result was intended.

In Kitts v. United States, 8 Cir., 243 F.2d 883, decided May 6, 1957, and subsequent to Prince v. United States, supra, the issue for determination was whether one who had been convicted and given the maximum sentence for entering a bank with intent to commit the felony of larceny could also be given a consecutive sentence upon conviction of larceny from the bank. In resolving the point, this Court interpreted the pronouncement in the Prince case to mean that upon multiple convictions under the various subsections of the Bank Robbery Act, only one sentence can be imposed. We struck down and vacated the sentence for larceny, but held that Kitts was properly punished under Count I for entering the bank with intent to commit a larceny, and thereby, in effect, ruled that under circumstances such as presently considered, the claim of merger is without merit.

The 10th Circuit, in Purdom v. United States, 249 F.2d 822, certiorari denied January 6, 1958, 355 U.S. 913, 78 S.Ct. 341, 2 L.Ed.2d 273, dealt with the precise question here presented. The court considered the merger theory, carefully analyzed the opinion in Prince, and

reached the conclusion that where, as here, the offender enters a bank with intent to commit a larceny therein, and accomplishes his intent by stealing funds, that he may be prosecuted and punished for the crime of entering for the unlawful purpose, thus holding that under such circumstances the offense of entering does not merge into the larceny offense. We are in full accord with the reasoning employed and the conclusion reached in the Purdom case.

The order is affirmed.