**John Robert SAWYER, Appellant,**

v.

**UNITED STATES of America,**
Appellee.

**No. 17135.**

United States Court of Appeals
Eighth Circuit.

Jan. 17, 1963.

William E. Morrow, Jr., of Spire, Morrow & Skutt, Omaha, Neb. (Court-appointed) made argument for the appellant and filed typewritten brief.

Theodore L. Richling, U. S. Atty., Omaha, Neb., made argument for the appellee and Frederic J. Coufal, Asst. U. S. Atty., and Franklin D. Carroll, Asst. U. S. Atty., Omaha, Neb., were with him on the brief.

Before VOGEL, BLACKMUN and RIDGE, Circuit Judges.

VOGEL, Circuit Judge.

John Robert Sawyer, the appellant herein, was indicted in the United States District Court for the District of Nebraska wherein he was charged in four counts with violations of the Federal Bank Robbery Act, 18 U.S.C.A. § 2113. Sawyer entered pleas of guilty to Counts 1 and 3 of the indictment. On March 23, 1962, he was sentenced by the District Court to a period of twenty years on Count 1 and a period of ten years on Count 3, such sentences to run consecutively and not concurrently. Counts 2 and 4 were dismissed. Thereafter the appellant filed in the District Court a motion for correction of sentence under Rule 35, Federal Rules of Criminal Procedure, 18 U.S.C.A. On July 18, 1962, the District Court overruled the motion for correction of sentence. From that order appeal is taken to this court.

Appellant's contentions here are: That under the Federal Bank Robbery Act the offenses described therein merge, at least for the purposes of sentence; that Count 1 in the Sawyer indictment thereby merged with Count 3 since the latter is the more aggravated offense; and that therefore the sentence on Count 1 is invalid and this court should set it aside, leaving stand only the ten-year sentence on Count 3.

An understanding of the difficulty requires consideration of the two counts of the indictment to which Sawyer pleaded guilty. They are as follows:

"COUNT I.

"That on or about the 8th day of August, 1961, at Omaha, Douglas County, within the District of Nebraska, JOHN ROBERT SAWYER did wilfully and unlawfully, by force and violence, and by intimidation, take from the presence of John Wells, an employee of the First West Side Bank, Crossroads Facility, Omaha, Nebraska, money of a value in excess of $50,000.00, United States Government Bonds of a value in excess of $20,000.00, and certain checks, all of which were in the care, custody, control, management and possession of the First West Side Bank, Crossroads Facility, Omaha, Nebraska, the deposits of which were and are insured by the Federal Deposit Insurance Corporation.

"In violation of Title 18, United States Code, Section 2113(a)."

"COUNT III.

"That on or about the 8th day of August, 1961, at Omaha, Douglas County, within the District of Nebraska, JOHN ROBERT SAWYER, while in the commission of the offenses hereinbefore charged in

Counts I and II, did wilfully and unlawfully assault John Wells, and did put in jeopardy the life of the said John Wells by the use of a dangerous weapon or device, to wit, a gun.

"In violation of Title 18, United States Code, Section 2113(d)."

18 U.S.C.A. § 2113(a), referred to as having been violated in Count 1, provides as follows:

"Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, or any savings and loan association; * * *

* * * * * *

"Shall be fined not more than $5,000 or imprisoned not more than twenty years, or both."

18 U.S.C.A. § 2113(d), referred to in Count 3 of the indictment, provides as follows:

"Whoever, in committing, or in attempting to commit, any offense defined in subsections (a) and (b) of this section, assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device, shall be fined not more than $10,000 or imprisoned not more than twenty-five years, or both."

The appellant, by his pleas of guilty, stands convicted in Count 1 of committing a bank robbery in violation of § 2113 (a). In Count 3 he stands convicted of committing an assault with a dangerous weapon during the perpetration of the robbery, such being in violation of 18 U.S.C.A. § 2113(d).

■ While the courts are now in basic agreement that the proper construction of the Federal Bank Robbery Act, 18 U.S.C.A. § 2113, prohibits the imposition of more than one sentence for simultaneous violations of its several provisions, the difficulty arises through an analysis of the various theories by which this result is reached. The problem has presented itself to the federal courts of all levels, and the result has been an irreconcilable conflict between the diverse conclusions. See Annotation in 59 A.L.R. 2d 946. While no attempt will be made to summarize in detail the innumerable decisions, it may be of benefit to outline the basic theories.

■ Some courts have adopted the view that the sentence imposed on the first count is the only valid one, basing their opinion upon the theory that the court by imposing sentence on Count 1 had exhausted its power. While this theory would, of course, be of no help to appellant herein, even so it would seem that the Supreme Court in Green v. United States, 1961, 365 U.S. 301, 306, 81 S. Ct. 653, 5 L.Ed.2d 670, rehearing denied 365 U.S. 890, 81 S.Ct. 1024, 6 L.Ed. 2d 201, has dispelled any authenticity from that view.

Other courts have adopted the theory that the less aggravated form of offense against the Federal Bank Robbery Act merges with the more aggravated form and that sentence should be imposed only upon the more aggravated form. Appellant here sponsors such theory. He claims that it is supported by Prince v. United States, 1957, 352 U.S. 322, 77 S.Ct. 403, 1 L.Ed.2d 370, and a number of other cases including particularly some from the 2nd and 9th Circuits, Smith v. United States, 9 Cir., 1961, 287 F.2d 270, certiorari denied 366 U.S. 946, 81 S.Ct. 1676, 6 L.Ed.2d 856; United States v. Di Canio, 2 Cir., 1957, 245 F.2d 713, certiorari denied 355 U.S. 874, 78 S.Ct. 126, 2 L.Ed.2d 79; and United States v. Tarricone, 2 Cir., 1957, 242 F.2d 555. The cases accepting the merger theory have, with one exception (Wilson v. United States, 9 Cir., 1944, 145 F.2d 734) all dealt with situations where the heavier penalty was imposed on the second or more aggravated count. The result was that the longer sentence was treated as the valid one, and the intention of the sentencing court was vindicated to that extent. If the merger theory were applied to situations

where the lighter penalty was imposed on the second count, it would permit the defendant to escape the heavier penalty imposed on the first count, even though it was perfectly obvious that the court intended that he should serve at least the longer sentence.

█ The difficulties with the exhaustion of power theory and the merger theory have resulted in a third contention, the "intention of the court" theory, which allows the court to determine either sentence as valid. We think the Supreme Court in Green v. United States, supra, gives substantial support to this theory in stating at page 306 of 365 U.S., at page 656 of 81 S.Ct. 656:

"Although petitioner is technically correct that sentences should not have been imposed on both counts, the remedy which he seeks does not follow. This is not a case where a sentence was passed on two counts stating alternative means of committing one offense; rather, the third count involved additional characteristics which made the offense an aggravated one—namely, putting persons in jeopardy of life by use of a dangerous weapon. Plainly enough, *the intention of the district judge* was to impose the maximum sentence of twenty-five years for aggravated bank robbery, and the formal defect in his procedure should not vitiate his considered judgment." (Emphasis supplied.)

Nothing in that decision justifies a contention that the Supreme Court would have vitiated the trial court's judgment if the twenty-five-year sentence had been imposed upon the less aggravated offense. The plain language of the opinion indicates that when the trial court commits the procedural error of imposing two sentences, the appellate court should give support to his intention by upholding the longer of the two.

This court, in Hardy v. United States, 8 Cir., 1961, 292 F.2d 192; La Duke v. United States, 8 Cir., 1958, 253 F.2d 387;

and Kitts v. United States, 8 Cir., 1957, 243 F.2d 883, rejected the merger theory. In Hardy, we said, at page 194:

"The effect of our decision in the Kitts and La Duke cases is that the incidents of entering a bank with intent to commit larceny and of engaging in larceny therein are violations of two distinct statutory provisions; that there is nothing in the language or operability of these provisions to suggest that either incident, where both have been present in a situation, was intended to be deprived of its identity or status as a basis for making violative charges; but that, in respect to the imposing of punishment on them, they are so related in their nature and object that, under the doctrine of the Prince case, sentence may be meted out on only one of them, within the choice which the trial court deems appropriate in the circumstances.

"The opinion in the Prince case recognized that it manifestly was the purpose of Congress, by the statutory provisions involved, to establish more than one violative offense. 'But in doing so there was no indication that Congress intended also to pyramid the penalties.' 352 U. S. at page 327; 77 S.Ct. at page 406.

"This, it seems to us, represents the crux of the Prince decision. * *

* * * * * *

"The views here expressed have similarly been taken in Purdom v. United States, 10 Cir., 249 F.2d 822, and United States v. Williamson, 5 Cir., 255 F.2d 512, and the Supreme Court has denied certiorari in both of these cases, 355 U.S. 913, 78 S.Ct. 341, 2 L.Ed.2d 273, and 358 U.S. 941, 79 S.Ct. 348, 3 L.Ed. 2d 349, respectively. To the same effect also are Counts v. United States, 5 Cir., 263 F.2d 603, certiorari denied 360 U.S. 920, 79 S.Ct. 1440, 3 L.Ed.2d 1536, and Audett v. United States, 9 Cir., 265 F.2d

837, certiorari denied 361 U.S. 815, 80 S.Ct. 54, 4 L.Ed.2d 62.

"In all of these cases, the right of the court in such a situation to simply vacate the shorter sentence and allow the longer one to stand has been recognized."

■ In La Duke, the contention of the appellant was identical with that taken by Sawyer in the instant case. We reaffirmed our rejection of the merger theory as expressed in prior cases and cited Purdom v. United States, 10 Cir., 1957, 249 F.2d 822, certiorari denied 355 U.S. 913, 78 S.Ct. 341, 2 L.Ed.2d 273, wherein Judge Phillips, in meeting a similar contention, analyzed the opinion of the Supreme Court in Prince, concluded that that case did not adopt the merger theory, and sustained the sentence of twenty years there imposed on Count 1. We find no sound reason now for reversing our position that under the provisions of the Federal Bank Robbery Act lesser offenses do not merge into the more aggravated ones so that sentence could be imposed only upon the more aggravated form.

The situation with which we are here confronted is similar to and, we believe, controlled by our opinion in Holbrook v. United States, 8 Cir., 1943, 136 F.2d 649. Therein the appellants were indicted in two counts, the first being based upon a charge of robbery accompanied by force and putting the employees of the bank in fear, and the second count being based upon the charge that the robbery was accompanied by putting the lives of the bank's employees in jeopardy by the use of dangerous weapons. Upon pleas of guilty, each defendant was given consecutive sentences of twenty years on the first count and five years on the second count, although the latter was the more aggravated form of the offense. It was the contention there that the sentence on the first count was void. Referring to 12 U.S.C.A. § 588b dealing with the robbing of a bank insured by the Federal Deposit Insurance Corporation, which was the predecessor statute to that here involved, we said, beginning at page 651:

"The statute itself contains no language restricting the right of the court to impose a sentence under any particular subsection that has been violated, where there has been a conviction for more than one degree of a bank robbery offense. The only limitation, therefore, that can soundly exist in the situation is simply the constitutional prohibition against subjecting a defendant to more than one punishment in the federal courts for the same crime. This fundamental right can hardly properly be claimed to be transgressed because the defendant is compelled to serve a sentence under one subsection instead of the other, where he has been convicted of violating both. 'His only justifiable complaint', as we said in the Holiday case, [Holiday v. United States], 130 F.2d [988] at page 989, 'was that he received two consecutive sentences for one offense, instead of a single sentence.'

"In the present case, as in the Garrison [Garrison v. Reeves, 116 F.2d 978] and Holiday cases, the sentences were imposed before the Hewitt [Hewitt v. United States, 8 Cir., 110 F.2d 1] case had been decided. It may reasonably be assumed that hereafter in this circuit only one sentence will be imposed by the trial courts for all convictions on an indictment under the several subsections of the bank robbery statute, in accordance with the Hewitt case, and that such a sentence will ordinarily be based on the subsection covering the most aggravated degree of the convicted offense.[1] But where, as here, the court has imposed a sentence under more than one subsection, with a heavier penalty for the lighter degree of the offense, and with a provision in the

---

1. A supposition that seems not to have been entirely fruitful.

order that the longer sentence shall be served before the commencement of the shorter, no sound legal reason exists why the longer sentence cannot properly be made to constitute the real punishment for the offense. Certainly it more nearly approaches, in such a situation, the measure of punishment which the trial judge believed and intended should be administered to the criminal under the particular circumstances of the case.

"Since neither sentence of itself is invalid by the terms of the statute, and the only invalidity in the situation derives from the constitutional prohibition against double jeopardy or punishment, justice and reason dictate, in such a case, that the court and not the defendant shall have the right to say which of the two consecutive sentences, contemporaneously imposed and both unexecuted, shall be eliminated in order not to subject the defendant to the possibility of double punishment. That question may properly be determined by the trial court up to the time that there has been a legal satisfaction of one of the sentences, and appropriate action may be taken to vacate the sentence which the court concludes should be voided, in order not to impinge upon the defendant's right against double punishment."

In the instant case, Sawyer has not completely served either sentence. We believe here, as we did in Holbrook, that "no sound legal reason exists why the longer sentence cannot properly be made to constitute the real punishment for the offense", and that it more nearly represents the punishment the District Court intended to impose. Cf. Green v. United States, supra. Accordingly, as we did in Holbrook, this case will be remanded with directions to deny the appellant's motion insofar as the twenty-year sentence on Count 1 is concerned but with directions to vacate the ten-year sentence imposed on Count 3.

Sawyer was represented here by Mr. William E. Morrow, Jr., of Omaha, Nebraska, who was appointed by the court. We are indebted to Mr. Morrow for his careful, painstaking and able consideration of the problem as represented by the briefs filed in appellant's behalf and his oral argument in this court which necessitated a trip at his own expense from Omaha, Nebraska, to St. Louis, Missouri.