**August H. BRUNJES, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

**No. 14418.**

United States Court of Appeals
Seventh Circuit.

March 17, 1964.

Rehearing Denied April 8, 1964.

Certiorari Denied June 15, 1964.
See 84 S.Ct. 1892.

**340**

August H. Brunjes, Francis J. Demet, Milwaukee, Wis., for appellant.

N. S. Heffernan, U. S. Atty., Robert H. Friebert, Asst. U. S. Atty., Madison, Wis., for appellee.

Before HASTINGS, Chief Judge, and KNOCH and SWYGERT, Circuit Judges.

SWYGERT, Circuit Judge.

Petitioner, August H. Brunjes, appeals from the denial of a motion filed pursuant to 28 U.S.C. § 2255 to vacate the prison sentence he is now serving. He was convicted, under a two-count indictment, of violating section 2113 of the Criminal Code, 18 U.S.C. § 2113,[1] and sentenced on December 13, 1961, to five years imprisonment on each count, the terms to run concurrently.

■ Petitioner challenges the sufficiency of the indictment. He can prevail only if the indictment is so defective on its face that it does not charge an offense under any reasonable construction. United States v. Shelton, 249 F.2d 871 (7th Cir. 1957).

The first count of the indictment charged that on July 16, 1961 Brunjes entered the Cobb State Bank in Cobb, Wisconsin, the deposits of which were federally insured, "with intent to commit in said bank a felony."

The second count of the indictment charged that on July 16, 1961 Brunjes, "with intent to steal, did take and carry away" from the Glen Haven Branch of the Peoples State Bank of Prairie du Chien, Wisconsin, the deposits of which were also federally insured, the sum of $754.50, which was in the "care, custody and control of said bank."

■■ It is unnecessary to consider the validity of the first count of the indictment because we conclude that the second count was sufficient to charge an offense under section 2113(b). If either count is valid, petitioner is not entitled to relief. Barnett v. Hunter, 138 F.2d 448 (10th Cir. 1943).

Petitioner contends that count two is defective because it did not include either the elements of force or intimidation specified in the first paragraph of section 2113(a) or of entry or attempted entry of the bank specified in the second paragraph of the section; instead, petitioner says that the count charged only common law larceny, an offense not defined by section 2113. He also contends that he was not sufficiently informed of the essential facts of the crime charged so that he could prepare an adequate defense; that a complete description of the larceny of which he was accused was essential.

■ In support of his contentions, petitioner cites several cases which stand for the proposition that section 2113 creates a single offense with various degrees of aggravation permitting sentences of increasing severity. Prince v. United States, 352 U.S. 322, 77 S.Ct. 403, 1 L.Ed.2d 370 (1957); United States v. Drake, 250 F.2d 216 (7th Cir. 1957); Heflin v. United States, 223 F.2d 371

---

1. The pertinent parts of 18 U.S.C. § 2113 read as follows:

"(a) Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another any property or money * * * belonging to, or in the care, custody, control * * * of any bank; * * * or

"Whoever enters or attempts to enter any bank, * * * with intent to commit in such bank, * * * any felony affecting such bank * * * and in vio-

lation of any statute of the United States, or any larceny—

"Shall be fined not more than $5,000 or imprisoned not more than twenty years, or both.

"(b) Whoever takes and carries away, with intent to steal, * * * money * * * exceeding $100 belonging to, or in the care, custody, control * * * of any bank, * * * shall be fined not more than $5,000 or imprisoned not more than ten years, or both * * *."

(5th Cir. 1955); Brooks v. United States, 223 F.2d 393 (10th Cir. 1955). The statute, however, does not require that entry into the bank or the use of force or intimidation (the elements of § 2113(a)) be incorporated in an indictment drawn under section 2113(b). Subsections (a) and (b) are alternative methods of committing the offense defined by the statute.

Under the second paragraph of section 2113(a), the entry or the attempted entry of a bank with intent to commit a felony or larceny is sufficient to sustain a conviction. The intended felony or larceny need not be accomplished. On the other hand, under section 2113(b) an offender need not have formed an intent to steal before entering the bank; if he steals money belonging to the bank, he is guilty regardless of when he formed the intent. An offender may not only be guilty of having entered the bank to commit a larceny (proscribed by § 2113(a)) but may also have accomplished the intended larceny (proscribed by § 2113(b)). In that situation, he may be indicted under either or both subsections, but the sentences may not be pyramided. Kitts v. United States, 243 F.2d 883 (8th Cir. 1957). Moreover, a violation of section 2113(b) may be committed without force, violence, or intimidation. Cf. Williams v. United States, 301 F.2d 276 (7th Cir. 1962).

Since count two of the indictment was couched in terms of section 2113(b) and contained the essential elements of the offense, it was sufficient to inform petitioner of the charge against him. Hagner v. United States, 285 U.S. 427, 52 S. Ct. 417, 76 L.Ed. 861 (1932).

As we have noted, petitioner contends that the first count of the indictment was fatally defective. He argues, therefore, that regardless of the validity of the second count, the admission of evidence under the first count constituted a denial of due process.

Without having decided the sufficiency of the first count, we hold for a combination of reasons that there was no denial of due process. The validity of the indictment was not challenged prior to petitioner's conviction and sentence; although he moved for a severance of the counts and the court denied the motion, there was no appeal from the conviction wherein the ruling could have been reviewed.

The order denying the motion to vacate the sentence is affirmed.

We thank Francis J. Demet, Esquire, of Milwaukee, court-appointed counsel, for the commendatory service he has rendered.