**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Dennis Keith FRIED, Defendant-Appellant.**

**No. 20340.**

United States Court of Appeals, Sixth Circuit.

Jan. 22, 1971.

785

R. George Crawford, Washington, D. C. (Court-appointed) for defendant-appellant; Carol G. Emerling, Cleveland, Ohio, on brief.

Harry E. Pickering, Asst. U. S. Atty., Cleveland, Ohio, for plaintiff-appellee; Robert B. Krupansky, U. S. Atty., Cleveland, Ohio, on brief.

Before BROOKS and MILLER, Circuit Judges, and CECIL, Senior Circuit Judge.

BROOKS, Circuit Judge.

This is an appeal by defendant-appellant from his jury conviction for bank larceny (18 U.S.C. § 2113(b)) and entering a bank for the purpose of committing a felony (18 U.S.C. § 2113(a)). He was indicted with a female accomplice as a result of their scheme to purloin bank funds. Allegedly defendant disguised as a woman entered the bank and went to the teller's window where his female accomplice worked. He then handed her a passbook from a cancelled account which had robbery instructions in it. The accomplice gave him the money in her cash drawer and following his departure from the bank reported the "robbery." Defendant's accomplice was indicted and pled guilty to embezzlement and willful misapplication of bank funds (18 U.S.C. § 656). On this appeal two issues are presented.

First, it is contended that an eyewitness in-court identification of defendant was the result of a pretrial photographic identification which was so impermissibly suggestive as to make the in-court identification inadmissible. The pretrial identification was from an array of photographs of women and a picture of defendant which was retouched to make him look like a woman (long hair was added to his picture). Defendant relies upon Simmons v. United States, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968) to support his contention.

 However, *Simmons* is distinguishable on its facts from those of this case. Here, unlike in *Simmons,* the eyewitness was thoroughly cross-examined in the presence of the jury as to the circumstances surrounding her viewing of the photographs, and the array of photographs from which the identification was made were shown to the jury. In addition, while in *Simmons* there was a positive identification of the suspect, in the instant case the eyewitness could only declare that a similarity existed between the defendant and the person she saw at the "robbed" teller's window. The only reason she gave for even having had taken notice of this individual, under otherwise ordinary circumstances, was that the "woman" had her blouse on backwards. The District Court concluded, and we agree, that there was nothing unnecessarily suggestive about this identification method. See, United States v. Black, 412 F.2d 687, 690 (6th Cir. 1969), cert. denied 396 U.S. 1018, 90 S.Ct. 583, 24 L.Ed.2d 509 (1970). However, even if the method was constitutionally circumspect, there was other identification evidence which amply corroborated the eyewitness' testimony (*e. g.,* a positive identification by defendant's accomplice), and if the pretrial identification method used in this case made admission of the eyewitness' testimony constitutional error, it was harmless under the standards set forth in Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L. Ed.2d 705 (1967) and Harrington v. United States, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969). See also, United States v. De Bose (6th Cir. decided October 27, 1970); United States v. Satterfield, 410 F.2d 1351, 1354 (7th Cir. 1969), cert. denied. 399 U.S. 934, 90 S.Ct. 2250, 26 L.Ed.2d 806.

The second issue raised by defendant is that the District Court erred in not dismissing his conviction for entering the bank for the purpose of committing a felony following his conviction for the actual larceny. The District Court imposed sentence for the larceny conviction and suspended sentence on the entry conviction. Relying upon Prince v. United States, 352 U.S. 322, 77 S.Ct. 403, 1 L.Ed.2d 370 (1957), defendant argues that the crime of entering the bank for the purpose of committing a felony "merged completely" into the larceny when the larceny was completed and, therefore, his conviction for entering the bank with felonious intentions should have been dismissed. A conflict among the circuits exists on the question of what is the proper interpretation of the merger concept established in *Prince.* Several circuits have construed *Prince* as holding that there is a "merging of sentences" under the Bank Robbery Act thereby prohibiting pyramiding of sentences. See, Smith v. United States, 356 F.2d 868 (8th Cir. 1966), cert. denied, 385 U.S. 820, 87 S.Ct. 44, 17 L.Ed.2d 58; Sawyer v. United States, 312 F.2d 24 (8th Cir. 1963), cert. denied, 374 U.S. 837, 83 S.Ct. 1888, 10 L. Ed.2d 1058; La Duke v. United States, 253 F.2d 387 (8th Cir. 1958); Kitts v. United States, 243 F.2d 883 (8th Cir. 1957); Brunjes v. United States, 329 F.2d 339 (7th Cir. 1964); United States v. Lawrenson, 298 F.2d 880 (4th Cir. 1962), cert. denied, Lawrenson v. United States Fidelity and Guaranty Co., 370 U.S. 913, 82 S.Ct. 1260, 8 L.Ed.2d 406; Purdom v. United States, 249 F.2d 822 (10th Cir. 1957), cert. denied, 355 U.S. 913, 78 S.Ct. 341, 2 L.Ed.2d 273; while other circuits have interpreted the *Prince* decision as holding that there is an actual merger of offenses with only one offense

in various aggravated forms. See United States v. Welty, 426 F.2d 615 (3rd Cir. 1970); United States v. McKenzie, 414 F.2d 808 (3rd Cir. 1969), cert. denied, 393 U.S. 1117, 89 S.Ct. 994, 22 L.Ed.2d 123; Bayless v. United States, 347 F.2d 354 (9th Cir. 1965); United States v. Tarricone, 242 F.2d 555 (2nd Cir. 1957). A conflict over the question appears to exist in the Fifth Circuit, see Counts v. United States, 263 F.2d 603 (5th Cir. 1959), cert. denied 360 U.S. 920, 79 S.Ct. 1440, 3 L.Ed.2d 1536; United States v. Williamson, 255 F.2d 512 (5th Cir. 1958), cert. denied, 358 U.S. 941, 79 S.Ct. 348, 3 L.Ed.2d 349, contra, Hall v. United States, 356 F.2d 424 (5th Cir. 1966). The effect of the two interpretations is that under the "merging of sentences" approach, the Act is treated as creating separate offenses which will permit separate convictions but not multiple sentences, and under the "merger of offenses" approach, only a single conviction can be allowed to stand.

■ In this Circuit, the two post-*Prince* cases in point while using language which indicates a merger of offenses approach was being adopted, the actual judgments clearly show that this Circuit has interpreted *Prince* as holding there is only a merger for sentencing purposes. In United States v. Poindexter, 293 F.2d 329 (6th Cir. 1961), cert. denied, 368 U.S. 961, 82 S.Ct. 406, 7 L.Ed.2d 392, certain defendants pled guilty to indictments charging two counts—entry with intent to commit a larceny and larceny. The Court concluded the defendants' "conviction on pleas of guilty were in conformity to law * * *." In United States v. Machibroda, 338 F.2d 947 (6th Cir. 1964), defendant pled guilty to two indictments with two counts—entry with intent to commit a felony and bank robbery. The Court did not upset the convictions, it only vacated the multiple sentences imposed by the District Court. Thus, it appears that this Circuit has tacitly adopted the approach taken by the Fourth, Seventh, Eighth, and Tenth Circuits that the *Prince* doctrine of merger applies under the Bank Robbery Act only to sentencing and not offenses. Accordingly, we hold that it was proper not to dismiss defendant's conviction for entering the bank for the purpose of committing a felony once he was convicted of the larceny.

■■ There remains one aspect of the District Court's suspending sentence on defendant's conviction for entering the bank for the purpose of committing a felony that requires comment. Judgment which suspends sentence without imposing probation is improper and is a nullity. See, United States v. Graham, 325 F.2d 922 (6th Cir. 1963). Therefore, the case is remanded to conform the judgment to the provisions of 18 U.S.C. § 3651. We do not see the prohibition against pyramiding sentences established by Prince to be violated by the suspension of sentence and placing defendant on probation, since suspension of sentence with probation under 18 U.S.C. § 3651 is not a sentence. Zaroogian v. United States, 367 F.2d 959, 963 (1st Cir. 1966).

The judgment of conviction is affirmed and the case remanded for further proceedings consistent with this opinion.