**UNITED STATES of America**
v.
**Ralph BORELLI.**
**Crim. No. 12605.**

United States District Court,
D. Connecticut.

Nov. 9, 1971.

## 370

Stewart Jones, U. S. Atty., Richard Winter, Asst. U. S. Atty., New Haven, Conn., for petitioner.

Stephen G. Friedler, New Haven, Conn., for respondent.

## MEMORANDUM OF DECISION

ZAMPANO, District Judge.

Following the petitioner's conviction after a jury trial of bank robbery in violation of 18 U.S.C. § 2113(a) and of bank larceny in violation of 18 U.S.C. § 2113(b), this Court, on April 3, 1970, sentenced him to 16 years' imprisonment on count one, and on count two suspended imposition of sentence and placed him on probation for two minutes. On appeal the petitioner did not challenge the validity of the sentence imposed on the second count. See United States v. Borelli, 435 F.2d 500 (2 Cir. 1970), cert. denied, 401 U.S. 946, 91 S.Ct. 963, 28 L. Ed.2d 229 (1971).

■ The petitioner now, however, relying on the principles established in Prince v. United States, 352 U.S. 322, 77 S.Ct. 403, 1 L.Ed.2d 370 (1957), claims that it was improper for the Court to impose separate sentences under counts one and two, and moves pursuant to 28 U.S.C. § 2255 to vacate the latter sentence. Since the petitioner is not serving the sentence he seeks to attack, his motion will be treated as a proceeding under Rule 35, F.R.Crim.P., United States v. Lawrenson, 298 F.2d 880, 889 (4 Cir.), cert. denied, Lawrenson v. United States Fidelity & Guaranty Co., 370 U.S. 913, 82 S.Ct. 1260, 8 L.Ed.2d 406 (1962).

In Prince the Supreme Court held that a conviction under 18 U.S.C. § 2113(a) became merged in the aggravated offense described in 18 U.S.C. § 2113(d) and ruled that separate sentences could not be imposed under the statute. The rationale of the Prince case has been applied to convictions under subsections (a) and (b). See, e. g., Brunjes v. United States, 329 F.2d 339, 341 (7 Cir.), cert. denied, 377 U.S. 983, 84 S.Ct. 1892, 12 L.Ed.2d 751 (1964).

At the outset it should be noted that at the time the petitioner was sentenced, the Court was fully aware of the Prince rule prohibiting the pyramiding of sentences under the Federal Bank Robbery Act. The problem, however, concerns the various interpretations of the merger concept established in Prince. Most courts construe Prince as holding that separate convictions may stand but not multiple sentences. See, e. g., United States v. Fried, 436 F.2d 784, 787 (6 Cir.), cert. denied, 403 U.S. 934, 91 S.Ct. 2264, 29 L.Ed.2d 714 (1971); Sawyer v. United States, 312 F.2d 24, 27 (8 Cir.), cert. denied, 374 U.S. 837, 83 S.Ct. 1888, 10 L.Ed.2d 1058 (1963); Brunjes v. United States, supra, 329 F.2d at 341; United States v. Lawrenson, supra, 298 F.2d at 889. Other courts have interpreted Prince to hold that there is a merging of offenses under the Act and therefore only a single conviction may be allowed to stand. See, e. g., United States v. Welty, 426 F.2d 615, 617 (3 Cir. 1970); Bayless v. United States, 347 F.2d 354, 356 (9 Cir. 1965).

It may be argued that the practical effect which flows from the two interpretations is not de minimis since under the "merger of sentences" concept the convictions are allowed to stand and may affect a possible subsequent sentence under many habitual criminal statutes or may impair a prisoner's opportunities for pardon or parole.

■ An analysis of the two post-Prince cases in the Second Circuit reveals that, although the language of the opinions indicates an acceptance of the "merger of offenses" approach, the final dispositions indicate that only the multiple sentences were to be vacated. United States v. DiCanio, 245 F.2d 713, 717 (2 Cir.), cert. denied, 355 U.S. 874, 78 S.Ct. 126, 2 L.Ed.2d 79 (1957); United States v. Tarricone, 242 F.2d 555, 558 (2 Cir. 1957). Thus, the appropriate course to follow when convictions are returned under both subsections (a) and (b) would appear to be to impose sentence only under one of the counts and suspend imposition of sentence with the

required period of probation, United States v. Murray, 275 U.S. 347, 358, 48 S.Ct. 146, 72 L.Ed. 309 (1928); United States v. Fried, supra, 436 F.2d at 787; cf. United States v. Ellenbogen, 390 F.2d 537, 541 (2 Cir.), cert. denied, 393 U.S. 918, 89 S.Ct. 241, 21 L.Ed.2d 206 (1968), under the other count. As was stated in United States v. Fried, supra, 436 F.2d at 787: "We do not see the prohibition against pyramiding sentences established by Prince to be violated by the suspension of sentence and placing defendant on probation, since suspension of sentence with probation under 18 U.S.C. § 3651 is not a sentence."

Accordingly, the petitioner's motion is denied.