Kenneth L. **BROWN**, Petitioner,

v.

**UNITED STATES of America,** Respondent.

No. 77 Civ. 4521 (GLG).

United States District Court, S. D. New York.

Oct. 16, 1978.

Kenneth L. Brown, pro se.

Robert B. Fiske, Jr., U. S. Atty., New York City, for respondent by Robert S. Litt, Asst. U. S. Atty., New York City.

OPINION

GOETTEL, District Judge:

Kenneth Brown, in his latest post-conviction motion, brings this petition under 28

U.S.C. § 2255 to challenge various aspects of his convictions and sentence for conspiracy, armed robbery of postal employees and possession of stolen United States money orders. After denial of the petition by this Court, the Second Circuit remanded for consideration of petitioner's claim that he could not properly be convicted and sentenced on the robbery counts together with the possession count. *Brown v. United States,* No. 77–2148 (2d Cir. June 12, 1978) (remand order). Upon further briefing and consideration of the point, the Court substantially denies the petition.

## I.

Petitioner was tried on a four-count indictment. Count one charged him and others, under 18 U.S.C. § 371, with conspiracy to commit robbery of postal employees and to possess stolen blank money orders. Count two charged the defendants with robbery of postal employees, and count three charged them with endangering the lives of postal employees while perpetrating the robbery, both under 18 U.S.C. § 2114. Count four charged the crime of possession of blank, stolen United States money orders, under *id.* § 500. Brown was convicted by a jury on all four counts, and the Second Circuit affirmed without opinion.

The case was initially called for sentencing on August 18, 1976. At that time, the Court indicated its view that counsel had not adequately briefed the legal issues involved in the sentencing. Count three, the robbery of postal employees while endangering lives, carried an anachronistic mandatory twenty-five-year term. *See* 18 U.S.C. § 2114. Legislation was pending, however, as part of Senate Bill 1, which would have reduced the penalty to a nonmandatory maximum of fifteen years. After some colloquy, it was apparent to counsel that the Court was searching for a way to impose a sentence of more than five

years, but less than twenty-five years, and the Court requested their assistance in determining how to achieve that end. Although count two provided a maximum ten-year sentence, the parties agreed that it had merged with count three, and that a defendant could not be sentenced separately on those two counts. For the same reason, it seemed doubtful that the Court could suspend sentence on count three and impose sentence only on count two. The possibility of imposing the mandatory twenty-five year term and recommending early parole was also rejected, because of substantial doubt that the parole board would follow such a recommendation.

After consideration of these problems, the Court sentenced petitioner on September 21, 1976. He received terms of three years on count one and five years on count four, to be served consecutively. In addition, the Court imposed a general sentence of twenty-five years on both counts two and three,[1] suspended execution of that sentence, and imposed a one-day period of unsupervised probation.[2]

## II.

Apparently now relying on *United States v. Gaddis,* 424 U.S. 544, 96 S.Ct. 1023, 47 L.Ed.2d 222 (1976), and *Heflin v. United States,* 358 U.S. 415, 79 S.Ct. 451, 3 L.Ed.2d 407 (1959), petitioner argues that he could not legally be convicted of both robbery and possession of the money orders that were the fruits of the robbery, *i. e.,* counts two and three on one hand, and count four on the other. *Gaddis* involved convictions for bank robbery under 18 U.S.C. §§ 2113(a), (b), (d), and for possessing the proceeds of the robbery under *id.* § 2113(c). Following *Heflin v. United States,* 358 U.S. 415, 79 S.Ct. 451, 3 L.Ed.2d 407 (1959), the *Gaddis* Court reaffirmed the proposition that " 'subsection (c) [the possession statute] was

---

**1.** *See Gorman v. United States,* 456 F.2d 1258 (2d Cir. 1972).

**2.** Although the language of 18 U.S.C. § 2114 appears to impose a mandatory sentence of 25 years for a defendant convicted of robbing a

postal employee and putting his life in danger, the Second Circuit has held that the section does not prevent suspension of such a prison term. *United States v. Donovan,* 242 F.2d 61, 64 (2d Cir. 1957).

not designed to increase the punishment for him who robs a bank but only to provide punishment for those who receive the loot from the robber.'" 424 U.S. at 547, 96 S.Ct. at 1026, *quoting Heflin,* 358 U.S. at 419, 79 S.Ct. 451. Accordingly, as a matter of statutory construction, a "person convicted of robbing a bank . . . cannot also be convicted of receiving or possessing the proceeds of that robbery . . . ." 424 U.S. at 547, 96 S.Ct. at 1026.

In his concurring opinion in *Gaddis,* Justice White was careful to point out that a conviction for robbery does not cast factual doubt on the validity or trustworthiness of a simultaneous conviction for possessing the proceeds, assuming that the evidence supports findings of guilt as to each element of each offense. *See id.* at 551–52, 96 S.Ct. 1026–28 (White, J., & Burger, C. J., concurring). He recommended, however, that district courts instruct juries to consider the possession count only if they fail to convict on the robbery count, thereby avoiding the possibility of dual convictions and improper punishment under *Heflin.* Since the evidence in *Gaddis* clearly supported both convictions, Justice White agreed with the Court that the case should be remanded with instructions to dismiss the lesser possession conviction, leaving intact the robbery conviction.[3]

Since *Gaddis* was decided, one court of appeals has applied its reasoning to convictions under sections 2114 and 500, the statutes in question in this case. In *United States v. Crawford,* 576 F.2d 794 (9th Cir. 1978), the district court had permitted the jury to convict on both the charge of robbery of postal employees and the charge of possessing the stolen money orders which were the fruits of the robbery. After the verdict, however, the district court dismissed the possession charge as "duplicitous," and sentenced only on the robbery count. The Ninth Circuit affirmed, holding that although the failure to instruct the jury that it could not convict on both counts was error, the district court's dismissal of the possession count cured the error, and thus a new trial was not required. *Id.* at 800–01. *See Proffit v. United States,* 549 F.2d 910 (4th Cir. 1976), *cert. denied,* 429 U.S. 1076, 97 S.Ct. 818, 50 L.Ed.2d 795 (1977); *United States v. Sellers,* 547 F.2d 785 (4th Cir. 1976), *cert. denied,* 429 U.S. 1075, 97 S.Ct. 815, 50 L.Ed.2d 793 (1977). The Ninth Circuit also agreed with Justice White that a limiting jury instruction was the proper way to handle the problem. 576 F.2d at 800–01.

The application of the *Heflin* doctrine to the instant case, however, should not be so mechanical that it ignores the reality of the mandatory twenty-five-year sentence provided in section 2114.[4] It is clear, for instance, that a defendant like petitioner Brown, against whom the evidence is strong on both the robbery and possession counts, will never request the instruction recommended by Justice White and adopted by the Ninth Circuit. In that instance, the defendant would face a good chance of conviction on only the robbery count, which carries with it the mandatory twenty-five-year term, and unless the sentencing judge decided not to impose any prison term, he would be forced to impose the mandatory term. *See* note 2 *supra.* In this case, defense counsel quite wisely did not request such a jury instruction. Petitioner also failed to challenge his dual convictions after the verdict and before sentencing, since the

3. Of course, if it is impossible to determine whether the evidence supports independent convictions on both counts as rendered by a jury, a new trial may be necessary. *See, e. g., Milanovich v. United States,* 365 U.S. 551, 81 S.Ct. 728, 5 L.Ed.2d 773 (1961), distinguished in *Gaddis,* 424 U.S. at 548–49, 96 S.Ct. 1026–27.

4. Although the *Heflin* doctrine was developed in the context of the bank robbery statute, 18 U.S.C. § 2113, there is no apparent reason for not extending it to the postal robbery statute at

issue in the instant case. *See United States v. Crawford,* 576 F.2d at 800. At least when there is no clear congressional intent to "pyramid" penalties for robbery and possession of the proceeds of the robbery, it would seem that the doctrine retains a general applicability. There is no such clear indication in the legislative history of 18 U.S.C. § 500 (possession of stolen money orders). *See* 2 *U.S.Code Cong. & Admin.News,* pp. 3356–59 (1972).

Court would have responded by dismissing the possession count and sentencing him to a term of twenty-five years on the robbery count, as the district court did in *Crawford, supra.* It is not surprising, therefore, that petitioner did not make such a request before sentencing.

There is an additional practical defect in charging the jury that it should not consider the possession charge if it finds the defendant guilty of the robbery. As in this case, the evidence supporting the two charges can be extremely different. A government agent, through an informer, gained access to an apartment in which the defendants had hidden the stolen money orders. These defendants were, in effect, caught red-handed with the stolen goods. Although most of the evidence as to the armed robbery of the post office was clear and convincing, there was a problem in proving the identities of the robbers, since they had attempted to disguise themselves during the robbery.

This case may not now present the problem, but it is apparent that the potential for appellate reversal on one count or the other always exists, if not on the sufficiency of the evidence, then possibly for some other evidentiary or legal defect. Such a reversal on the robbery count, without a jury verdict on the possession count, might require a retrial of the entire case.

In this Court's view, the import of *Heflin* and *Gaddis* is not that a defendant may not legally be convicted of both robbery and possessing the proceeds of the robbery. Indeed, Justice White recognized that no technical deficiency automatically invalidates one conviction or the other. Rather, the point of the *Heflin* doctrine is simply that a defendant should not be *punished* both for a robbery and for possessing the fruits of the robbery, at least not without a clearer statement by Congress that such dual punishment is desirable. *Heflin* itself was based on what the Court found to be a lack of congressional intent to "pyramid penalties for lesser offenses following the robbery." 358 U.S. at 419, 79 S.Ct. at 454. *See Gaddis,* 424 U.S. at 550 n.15, 96 S.Ct. at 1027 n.15.[5]

Accordingly, the Court concludes that the effect of *Heflin* and *Gaddis* on cases involving sections 2114 and 500 is that a defendant, even if convicted on both counts, may not be punished more for both convictions than he could be for one. Otherwise, the mechanical application of *Heflin* to cases like this one would completely pervert its rationale, for in the name of preventing the "pyramiding" of punishments, it would effectively require the imposition of the draconian twenty-five-year mandatory sentence under section 2114. In contrast, under this Court's view, a defendant will not be faced with the prospect of requesting an instruction that will probably result in an unavoidable harsh sentence, and the Court will be afforded a sensible amount of discretion in determining a condign punishment for each defendant. *Cf. United States v. Borelli,* 333 F.Supp. 369 (D.Conn. 1971).

Viewed in this light, the convictions and sentence of this petitioner must be upheld. He was sentenced to a total of eight years on counts one and four, with a suspended term of twenty-five years on counts two and three. If, for any reason, the suspended sentence were to be executed, the petitioner should then receive credit for time served on counts one and four. Nonethe-

5. Under a literal application of *Gaddis,* this petitioner could argue that the sentence on the possession count must be set aside, and that the Court now lacks jurisdiction to implement the sentence on counts two and three, since execution of that sentence was suspended with one day of unsupervised probation. The result would be that the petitioner would be left with only the three-year sentence on count one.

At the sentencing, however, the Court plainly stated that the sentences on counts one and four were to be consecutive *because* of the suspension on counts two and three. It was the Court's intention to impose a total sentence of eight years; the problem was how to accomplish this in light of the merged offenses and the mandatory term. Defense counsel agreed that the options available to the Court had been stated accurately in the Government's brief, and it was never suggested that sentencing on count four was improper, or that count four should have been taken from the jury.

186

less, to remove any doubt in this regard, the Court hereby amends the sentence to provide explicitly that, if the suspended term on counts two and three is ever executed, it will run concurrently with the terms already imposed on counts one and four.[6]

For these reasons, and with this minor exception, the petition is denied.

SO ORDERED.

---

6. Moreover, if this Court is wrong in its application of *Heflin* and *Gaddis* and there must be a resentencing as to counts two, three and four, the only acceptable alternative would be simply to dismiss the suspended sentence on counts two and three, leaving in effect the sentence on count four.