**Frank Monroe DOUB, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 19260.**

United States Court of Appeals Ninth Circuit.

Feb. 12, 1965.

Rehearing Denied March 16, 1965.

Douglas P. Ferguson, San Francisco, Cal., for appellant.

Manuel L. Real, U. S. Atty., John K. Van de Kamp, Asst. U. S. Atty., Chief, Crim. Sec., Stephen D. Miller, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before MADDEN, Judge of the Court of Claims, and HAMLEY and KOELSCH, Circuit Judges.

MADDEN, Judge.

This is an appeal from a judgment of conviction rendered in the United States District Court for the Southern District of California, Central Division. The indictment of the appellant charged that he had taken, opened and secreted four letters addressed to specified persons, which letters had theretofore been in a post office, before the letters had been delivered to the addressees, and that he had done so with design to obstruct the correspondence of the addressees. The indictment charged the offense defined in 18 U.S.Code, § 1702.

At the trial the government's evidence, before it rested its case, was substantially as follows: each of the four letters mentioned in the indictment contained a check, three of the checks being drawn to the law firm of Tremaine and Shenk, and the fourth being drawn to John W. Shenk; the four letters had been deposited in the United States mail about June 28, 1963; the mail carrier carried mail to the office of Tremaine and Shenk at about 9:15 a. m. on June 29; the mail included two boxes which were too large to pass through the mail slot in the door of the addressee; the mail man could not recall whether he put the letter mail, or all of it, through the slot or left it, or some of it, outside the door with the boxes; the addressees never received nor saw the checks until a later time which will be mentioned herein; a portion of the June 29 mail of the firm was found on the floor of a cleaning closet in the building and the envelopes had been opened.

At 1:00 p. m. June 29 the appellant was arrested for shop-lifting at a Sears Roebuck store. He was searched and the four checks mentioned above were found in his jacket pocket; two of the checks had endorsements of the name of the payee, written by the appellant; the contents of the boxes left by the mail man at the door of the law firm on that day were also on the appellant's person.

The foregoing was, in substance, the government's evidence when it rested its case. Appellant's counsel made a motion for a judgment of acquittal. The trial judge was skeptical as to whether the government's evidence was sufficient to justify the court's letting the case go to the jury, as the case then stood. His problem was, of course, to determine whether, on the evidence as it then stood, a reasonable mind could conclude, beyond a reasonable doubt, that the appellant was guilty of the crime with which he was charged. To find that the appellant had, as charged, *opened and secreted* the letters which had contained the checks, the jury would have to infer from the fact that the checks were in the defend-

ant's pocket some three hours after they had been in the mail that the defendant had taken them from the mail and put them in his pocket. In spite of the trial judge's skepticism about the government's proof, it seems to us that the inference as to how the checks got into the appellant's pocket was one which a reasonable juror might well draw, and be convinced of it beyond a reasonable doubt. That is all that is required. Grover v. United States, C.A.9, 183 F. 2d 650, 651; Corey v. United States, C.A.9, 305 F.2d 232, 238, and cases there cited.

It will be remembered that we are talking about the status of the case at the time the government rested. At that time there was no question of whether the indications of guilt had been cancelled out or weakened by an explanation of how the checks got from the mail into the appellant's pocket. There had, at that stage, been no explanation. So the trial judge, rightly we think, concluded that as the case then stood it was sufficient to go to the jury. The defendant would have his chance, by his testimony or by other evidence, to persuade the jury that, all things considered, there was no basis for the inference of his guilt which might or might not have been in their minds when the government rested. Our procedure makes no provision for ascertaining the sentiment of the jury at various stages of a trial, and then resuming the trial to give the litigant against whom the sentiment is running at an earlier stage a chance, by further evidence, to change the jury's minds. So the only way, under universally applicable procedure, by which the appellant could have ascertained whether the government's case at the time it rested had persuaded the jury of the defendant's guilt beyond a reasonable doubt was for the appellant also to rest and have the arguments of counsel and the court's instruction of the jury, and take the jury's verdict at that time. If the appellant had done that, the court's instruction would not, of course, have contained any language about "if not satisfactorily explained" to which we hereinafter refer, since at that stage there would not have been a word of explanation of how the checks got from the mail into the defendant's pocket.

The judge denied the appellant's motion for a directed verdict of acquittal at the close of the government's evidence. The trial proceeded. The appellant took the witness stand and testified as to how he had found the checks in a discarded wallet, had taken the checks and again discarded the wallet; that he had endorsed the names of the payees on the backs of two of the checks because he thought the checks were invalid. There was rebuttal testimony by the prosecution to the effect that the defendant had made inconsistent statements as to where he had found the discarded wallet containing the checks.

That was the state of the evidence when both sides rested. At this point the appellant renewed his motion for a judgment of acquittal. The motion was denied, and the case was submitted to the jury.

One of the instructions which the trial judge gave to the jury was, in part, as follows:

"Possession of the letters and contents thereof shortly after they had been deposited in the United States mail, *if not satisfactorily explained,* is a circumstance from which the jury may reasonably draw the inference and find in the light of the surrounding circumstances that the person in possession participated in some way in obstructing the correspondence." (Italics added.)

■■ Appellant, in his brief, urges that the motion for judgment of acquittal should have been granted and the case should not have been submitted to the jury because the appellant "had given a satisfactory explanation for the only circumstances suggesting his guilt," that is, his possession of the contents of the mail. But surely it was the trier of fact, the jury, that had to determine whether the appellant's explanation of how the

checks got from the mail into his pocket was true or not. It was a question of fact, and the appellant's explanation was by no means obviously true. There was no error in the instruction complained of, nor in the refusal to render a judgment of acquittal.

The judgment is affirmed.