UNITED STATES of America, Plaintiff-Appellee,

v.

Wilbert OWENS, Defendant-Appellant.

No. 19925.

United States Court of Appeals, Sixth Circuit.

April 22, 1970.

---

F. Glen Sisson, Memphis, Tenn., Brett B. Stein, Memphis, Tenn. (Court Appointed), on the brief, for appellant.

Kemper B. Durand, Memphis, Tenn., Thomas F. Turley, Jr., U. S. Atty., William A. McTighe, Jr., Asst. U. S. Atty., Memphis, Tenn., on the brief, for appellee.

Before EDWARDS, PECK, and McCREE, Circuit Judges.

PER CURIAM.

We consider appellant's direct appeal from a conviction following a jury trial for the offense of obstructing the mail in violation of Title 18, U.S.C. §§ 1702 and 2. The indictment charged appellant with unlawfully, wilfully and knowingly taking a letter which had been in the United States Post Office before it was delivered to the addressee with design to obstruct the correspondence of such addressee.

Two issues are presented on appeal. The first issue presents the question of the sufficiency of the evidence to support the conviction. In this posture, we must view the evidence in the light most favorable to the Government and a careful review of the record reveals the following. A Government check was mailed on February 28, 1969 and it is stipulated that it was not received by the addressee. Thereafter, appellant, who was possessed of the check within a few days after mailing, made several efforts to cash it. Although the only evidence that appellant took the check from the mails is circumstantial, it permitted the jury on proper instruction to infer that he did.

The second issue presents the question of the correctness of the Court's instruction that the jury could find from recent unexplained possession of mail not received by the addressee that the person in possession participated in some way in obstructing the correspondence. This charge, the substance of which was previously approved by the Ninth Circuit in Doub v. United States, 341 F.2d 572 (1965), was approved by this Court in United States v. Wade, 364 F.2d 931, 934 (1966). This instruction meets the test for inferences in criminal law and its appropriateness is justified by the state of the evidence. The judge also properly instructed the jury that the ultimate burden of proving the elements of the offense beyond a reasonable doubt remained with the Government.

We are convinced that no error occurred and the judgment below is affirmed.