**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Jewel DANDRIDGE and Charles Matthews, Defendants-Appellants.**

**Nos. 18310, 18311.**

United States Court of Appeals,
Seventh Circuit.

Feb. 17, 1971.

**Rehearing Denied March 16, 1971.**

Wendell H. Adair, Jr., Paul E. Goldstein, Chicago, Ill., for defendants-appellants.

Frank J. Violanti, U. S. Atty., Gregory M. Wilson, Asst. U. S. Atty., Springfield, Ill., for plaintiff-appellee.

Before HASTINGS, Senior Circuit Judge, and CUMMINGS and PELL, Circuit Judges.

HASTINGS, Senior Circuit Judge.

Defendants Jewel Dandridge, Charles Matthews and Harold Terrell were

charged jointly in a one-count indictment with violation of Title 18, U.S.C.A. § 659, returned by a grand jury of the United States District Court for the Southern District of Illinois, Southern Division.

The indictment charged that defendants, on or about December 2, 1968, in Madison County, Illinois, "unlawfully, willfully and knowingly and with intent to convert to their own use, did embezzle, steal, take and carry away from a Railroad car #KCS 56280, chattels of a value in excess of $100, that is 35 scrap automobile radiators, while said railroad car was moving in interstate commerce under KCS waybill 17965, dated November 25, 1968 from Kansas City, Missouri to Chicago, Illinois; * * *."

Defendants were each represented at all times in the trial court by separate court-appointed attorneys. After a trial by jury and denial of motions for acquittal, defendants were each found guilty. Post-trial motions for judgment of acquittal and for a new trial were denied. Defendant Dandridge was sentenced to eight years imprisonment and defendant Matthews to seven years imprisonment.

The foregoing sentences were imposed on May 14, 1969. Subsequently, on November 20, 1969, the trial court, having discovered that it had failed to advise defendants Dandridge and Matthews at the time of sentencing of their right to appeal, pursuant to Rule 32(a) (2), Federal Rules of Criminal Procedure, Title 18, U.S.C.A., sua sponte issued a writ of habeas corpus *ad prosequendum* ordering the production of said defendants before the court. Pursuant thereto, each was brought before the court on December 1, 1969 with his attorney. The sentences previously imposed were vacated and Dandridge was sentenced to serve five years and Matthews to serve four years. They were then advised of their right of appeal and each filed his notice of appeal.[1] Court-appointed trial counsel were granted leave to withdraw and we appointed new appellate counsel jointly for Dandridge and Matthews.

Issues on appeal generally relate to a number of alleged trial errors and to the sufficiency of the evidence to sustain the jury guilty verdict. It requires no citation of authority to state that for the purposes of this appeal the record evidence must be considered in the light most favorable to the Government.

We have examined the record and in particular that part referred to by the parties. The jury would have been amply justified in finding the following factual situation.

On or about December 1, 1968, a railroad freight car of the Kansas City Southern Railway Company, KCS 56280, was moving a shipment of scrap brass from Kansas City, Missouri to Chicago, Illinois. As a part of a freight train, this car was pulled on to the Illinois Terminal Railroad tracks about 8:00 p. m. The train was parked on one of two railroad tracks adjacent to the Eagle Park area of Madison, Illinois.

In the early morning hours of December 2, 1968, Eugene F. Moore, a railroad detective for the Illinois Terminal Railroad, received a report of activity in the field adjacent to the tracks in the Eagle Park area. He proceeded to the McKinley Junction Yard of the railroad where he met with railroad agent Lane. Together they observed the activities of three men in the field and around KCS 56280 from approximately 2:30 a. m. to 3:00 a. m. Moore had been in the field about 5:00 p. m. the day before and there were no automobile radiators in the field at that time.

Moore and Lane saw the three men carrying what later proved to be scrap brass automobile radiators from a pile in the center of the railroad track 15 or

---

1. Defendant Terrell was admitted to probation following his conviction and is not concerned in this appeal.

20 feet from the open car KCS 56280. The men carried them to a point about 100 feet away and dropped them in another pile. The agents heard the clinking noise of metal being dropped on metal. The three men were seen carrying radiators from the latter pile to another pile about 200 yards away in the field. There were four railway cars with open doors in the area where the three men were seen walking. A broken railroad seal was found underneath the open door of KCS 56280.

After observing the activity of the three men for a period of about 20 to 25 minutes, the two agents stopped two of the men, who proved to be defendants Dandridge and Terrell, and each of them was carrying two scrap radiators. Moore ordered the men to drop the radiators, to turn around and proceed back along the path from which they had come. Moore and Lane followed and after walking about 50 yards they saw a third man coming toward them. It proved to be defendant Matthews, who also was carrying two radiators. He was similarly apprehended. No other person was observed by the agents in the field that night, although a search was made.

All three men were taken back to the track to car KCS 56280, the west door of which was open. The car contained scrap brass, including a large number of brass radiators. The agents found 35 scrap radiators in the field in the area that night. They weighed a total of 679 pounds. None of the three men was seen to enter the railroad car.

The broken railroad seal found by the agents that night was a strip of metal bearing number G–594907, with a prefix "KCS Lines." The seal attached to the closed door on the other side of the car KCS 56280 was numbered G–594908, KCS Lines.

Two experienced employees of a scrap iron dealer testified that on December 2, 1968 the scrap brass had a value of 28¢ per pound and that, with a total of 679 pounds, the 35 scrap radiators were worth $190.12.

Officials of the Kansas City Southern Railway Company identified the shipping order introduced into evidence, which was the contract of carriage submitted by the shipper to the railroad. It covered a shipment of one carload of scrap brass from Kansas City, Missouri to Chicago, Illinois, giving the name of the shipper and the consignee. The car containing the shipment was shown to be KCS 56280. A notation thereon read: "Seals: KCS Lines G–59407–08." This notation omitted the second "9" digit appearing on the car seals (G–594907–08).

These officials further identified the waybill bearing number 17965 as having been made from the shipping order and containing the same information as in the shipping order, except the reference to the seals. The shipping order and the waybill were shown to have been kept in the regular course of business.

Another official of the railroad testified concerning the seals and properly identified them. He was also examined relative to the minor discrepancy in the seal numbers as they appeared on the shipping order.

Section 659 of Title 18 provides that in order to establish the interstate character of the shipment in any prosecution under this section, "the waybill or other shipping document of such shipment shall be prima facie evidence of the place from which and to which such shipment was made."

Dandridge, Matthews and Terrell each testified in his own defense. In a number of respects they contradicted the testimony of Moore and Lane. We have carefully reviewed such conflicts, as well as the many claims of defendants charging insufficiency in the record in other instances.

Construing the record evidence in the light most favorable to the Government and having due regard for the province

of the jury as the finder of fact to determine matters of credibility and to weigh the evidence, we conclude that the evidence is more than sufficient to sustain the guilty verdict. Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942). Credibility determinations generally are not reviewable on appeal. United States v. Sosa, 7 Cir., 379 F.2d 525, 527 (1967). The jury may draw reasonable inferences from the evidence and in this posture its findings should not be disturbed. United States v. Phillips, 7 Cir., 375 F.2d 75, 81 (1967).

■ In the absence of direct proof that Dandridge and Matthews were seen to remove the radiators from KCS 56280, it is of course well settled that this may be established by circumstantial evidence. In our judgment, possession and the other established attendant circumstances were sufficient to convince the jury beyond a reasonable doubt that Dandridge and Matthews were guilty of the charge contained in the indictment. United States v. Atnip, 7 Cir., 374 F.2d 720, 722–723 (1967). We are not persuaded otherwise by appellant's cited authority.

■ Complaint is made that there was a failure to show that the subject 35 radiators were moving in interstate commerce and that the shipping order and the waybill were insufficient for this purpose and were improperly admitted in evidence. We have carefully reviewed the rather extensive argument presented on this proposition and find it to be without merit. Without belaboring the point, we conclude the Government laid a proper foundation for their introduction and that they were properly admitted under § 659, *supra*, and under the Federal Records Act, Title 28, U.S.C.A. § 1732(a). United States v. Dawson, 2 Cir., 400 F.2d 194, 198–199 (1968), cert. den. 393 U.S. 1023, 89 S.Ct. 632, 21 L.Ed.2d 567 (1969). Furthermore, the omission of the second digit

"9" was clearly shown to be a typographical error and as such goes to its weight or credibility as a document and not to its admissibility. United States v. Bernard, 7 Cir., 287 F.2d 715, 721 (1961).

■ A contention is made that the Government failed to prove that the 35 radiators had a value in excess of $100 *at the place* of the alleged theft. Our judgment is that the "value" testimony properly established the market of scrap brass on the date of the theft. This testimony was provided by two experts from St. Louis, Missouri, across the river from Madison, Illinois, and further indicated an allowable fluctuation in price of two or three cents a pound. We conclude that this testimony could reasonably be said to have reference to Madison, Illinois. Further, the instruction given by the trial court on this proposition was quite adequate and correct. See LaBuy's Jury Instructions in Federal Criminal Cases, Section 20.04.

■ Error is claimed because the trial court permitted prior felony convictions against Dandridge and Matthews to be introduced for impeachment purposes. The defendants took the stand in their own behalf. There is no showing of any pretrial motion to exclude such impeachment testimony if they testified. The prior convictions were not shown to be too remote in time or so irrelevant in character to be improper. We cannot say that the trial court erred in failing to bar such testimony sua sponte. This clearly comes within the well reasoned rule recently declared by Judge Cummings in United States v. Cox, 7 Cir., 428 F.2d 683, 689 (1970). Again, the jury is shown to have been properly instructed on this proposition. See LaBuy, *supra*, Section 6.06–2.

■ Appellants quite correctly point out that there is an error in the written judgment and commitment as revealed by the record. It is incorrectly shown

there that defendants were convicted of "Possession of Goods Stolen From Interstate Shipment." This is an obvious clerical error. The defendants were tried and convicted of the charge stated in the indictment, and properly so, as we have found. The clerical error shown had no bearing on their guilt or punishment. The trial court should be required to correct the mistake pursuant to Rule 36, Federal Rules of Criminal Procedure, 18 U.S.C.A., which reads: "Clerical mistakes in judgments, orders or other parts of the record and errors in the record arising from oversight or omission may be corrected by the court at any time and after such notice, if any, as the court orders."

As we held in United States v. Buckley, 7 Cir., 379 F.2d 424, 427 (1967), in a somewhat analogous situation: "Because of the discrepancy in the written Judgment, the Judgment and sentence as to defendant Green only is hereby vacated and this cause is remanded to the District Court solely for the purpose of resentence of defendant Green."

We have examined other asserted errors, including those relating to claims of prejudicial pretrial publicity and the denial of effective assistance of counsel, and find them without merit.

The judgment of conviction and sentence as to each appellant, Dandridge and Matthews, is vacated and set aside and this cause is remanded to the district court solely for the purpose of entering proper fresh judgments of conviction and for resentencing. It appears that appellants are now at large on bail pending disposition of these appeals. They and their counsel should be present at the time the judgments are corrected. In all other respects, the judgments appealed from are affirmed.

Affirmed in part, remanded with directions.