**UNITED STATES of America, Appellee,**

v.

**Russell Edward WEBB, Appellant.**

**No. 73-2336.**

United States Court of Appeals, Fourth Circuit.

Argued June 3, 1974.

Decided June 27, 1974.

———◆———

Girard C. Larkin, Norfolk, Va. [Sacks Sacks & Tavss, Norfolk, Va., on brief], for appellant.

J. Brian Donnelly, Asst. U. S. Atty. [Brian P. Gettings, U. S. Atty., E.D.Va., on brief], for appellee.

Before BUTZNER, RUSSELL, and WIDENER, Circuit Judges.

PER CURIAM:

Russell Edward Webb, appealing from a judgment of conviction for obstruction of correspondence, 18 U.S.C. § 1702, challenges the sufficiency of the evidence to sustain the jury's verdict.

· The record disclosed that a navy allotment check, drawn in Cleveland, Ohio, should have been delivered in the ordinary course of the mails to the payee in Portsmouth, Virginia, on June 1, 1971. However, on that date instead of being received by the payee, the check was cashed with a forged endorsement at a bank in nearby Suffolk, Virginia. Webb was neither known to the payee nor authorized to handle the check, but his

outer left-hand palm print was the only identified latent print on the check. Webb's print was located on the face of the check near the left edge.

We conclude that Webb's unexplained placing of his palm print on the check during the short period between the time it should have been received by the payee and the time it was unlawfully cashed was sufficient for the jury to infer that Webb acted "with design to obstruct the correspondence" in violation of § 1702. His palm print could have been placed on the check only during the commission of the crime. He claimed no access to it while it was in the custody of the postal service or after it had been cashed at the bank. *Cf.* Barnes v. United States, 412 U.S. 837, 93 S.Ct. 2357, 37 L.Ed.2d 380 (1973); United States v. Owens, 424 F.2d 266 (6th Cir.), *cert. denied,* 400 U.S. 844, 91 S.Ct. 89, 27 L.Ed.2d 81 (1970); United States v. Wade, 364 F.2d 931, 934 (6th Cir. 1966); Doub v. United States, 341 F.2d 572 (9th Cir. 1965).

Affirmed.