**UNITED STATES of America, Appellee,**

v.

**Robert Thomas WATSON, Appellant.**

**No. 77–1801.**

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 3, 1978.

Decided Feb. 10, 1978.

Paul H. Schramm and Micalyn S. Harris of Schramm, Pines & Marshall, Clayton, Mo., on brief, for appellant.

Robert D. Kingsland, U. S. Atty. and Mark A. Helfers, Asst. U. S. Atty., St. Louis, Mo., on brief, for appellee.

Before HEANEY, STEPHENSON and HENLEY, Circuit Judges.

PER CURIAM.

Robert Thomas Watson appeals from his conviction for the theft of fifty-nine athletic caps from a United Parcel Service truck in violation of 18 U.S.C. § 659. The sole issue presented in this appeal is whether the government established beyond a reasonable doubt that the value of the property taken by Watson exceeded $100.00.

Watson was charged with violation of 18 U.S.C. § 659 which makes embezzlement or theft of any goods or chattels from an interstate carrier an offense. He waived a jury trial and the parties stipulated to the facts. The stipulation provided, *inter alia* :

---

4) That on March 31, 1977, at approximately 2:00 p.m., defendant, Robert Thomas Watson, removed a cardboard carton containing fifty-nine (59) size small green and gold athletic caps (the "caps") from a United Parcel Service (UPS) truck parked at or near 2000 Washington Avenue in the City of St. Louis, Missouri; that defendant, without the consent of the driver of the UPS truck, and out of his presence, wilfully and knowingly and with the intent to convert the contents of said carton to his own use did steal and take and attempted to carry away said carton containing the caps from the UPS truck.

5) That at the time defendant removed said carton from the UPS truck, said carton was in the possession and under the control of United Parcel Service, a common carrier, was moving in interstate commerce, and was approximately two or three blocks from its destination in St. Louis, Missouri.

6) That the caps were manufactured by Funk Bros. Hat & Cap Co., 1718 Washington Avenue, St. Louis, Missouri, and were part of a shipment of six dozen caps originally sent by Funk Bros. of St. Louis, Missouri to The Athletic House of Vidalia, Inc., located in Vidalia, Georgia; that The Athletic House of Vidalia, Inc. repackaged and returned from Vidalia, Georgia to Funk Bros. in St. Louis, Missouri fifty-nine (59) caps of the six dozen cap shipment because said shipment of six dozen caps did not conform to the order of The Athletic House of Vidalia, Inc., in that 59 of the six dozen caps were size small and should have been size large.

7) That Funk Bros. Hat & Cap Co. invoiced the caps to The Athletic House of Vidalia, Inc. at a price of One Dollar and 60/100 ($1.60) per cap, or a total price of Ninety-Four Dollars and 40/100 ($94.40); that said price is the wholesale price of the caps; that the manufacturer's cost is less than the wholesale price of the caps.

8) That the retail price of the caps is Two Dollars and 95/100 ($2.95) each or a total of One Hundred-Eighty Four Dollars and 05/100 ($184.05) for the 59 caps; that the street value of the caps, i. e., their value on the thieves' market is approximately one-third (⅓) of the retail price, or approximately 98/100 Dollar ($.98) each or a value of approximately Fifty-Eight Dollars ($58.00) for the 59 caps.

9) That in the event of loss or damage to the caps while the carrier was transporting the caps in interstate commerce, the maximum insurance loss payment would have been One Dollar and 60/100 ($1.60) per cap or a total of Ninety-Four Dollars and 40/100 ($94.40) for the 59 caps.

The only issue that was not stipulated is whether the wholesale, retail or street value of the carton of athletic caps is to be used to determine the value of the property taken by Watson. The value of the property is significant because § 659 provides that anyone convicted under the statute

[s]hall in each case be fined not more than $5,000 or imprisoned not more than ten years, or both; but if the amount or value of such money, baggage, goods or chattels does not exceed $100, he shall be fined not more than $1,000 or imprisoned not more than one year, or both.

Section 659, however, does not contain a definition of value. The trial court applied the following definition of value contained in 18 U.S.C. § 641.

The word "value" means face, par, or market value, or cost price, either wholesale or retail, whichever is greater.

18 U.S.C. § 641.

It found that the value of the property stolen by Watson exceeded $100.00 since the retail price of the caps was $184.05, and imposed a three-year sentence. Watson appeals.

The definition of value contained in § 641 has been held applicable to § 659 by other Circuits. The Ninth Circuit has applied the § 641 definition of value in several cases involving convictions under § 659. *See Russell v. United States*, 288 F.2d 520 (9th

Cir. 1961), *cert. denied*, 371 U.S. 926, 83 S.Ct. 296, 9 L.Ed.2d 234 (1962); *Sachs v. United States*, 281 F.2d 189 (9th Cir.), *cert. denied*, 364 U.S. 909, 81 S.Ct. 272, 5 L.Ed.2d 224 (1960); *Torres v. United States*, 270 F.2d 252 (9th Cir. 1959), *cert. denied*, 362 U.S. 921, 80 S.Ct. 675, 4 L.Ed.2d 741 (1960). Both the Fifth and the Seventh Circuits have approved the use of an instruction using the § 641 definition of value in prosecutions under § 659. *United States v. Payne*, 467 F.2d 828 (5th Cir. 1972), *cert. denied*, 410 U.S. 912, 93 S.Ct. 975, 35 L.Ed.2d 275 (1973); *United States v. Dandridge*, 437 F.2d 1324 (7th Cir.), *cert. denied*, 403 U.S. 934, 91 S.Ct. 2263, 29 L.Ed.2d 713 (1971).

Moreover, we note that § 641 and § 659 both have been codified as part of Chapter 31 of Title 18 which deals with the offenses of embezzlement and theft. While the two sections were first enacted at different times,[1] Congress has since enacted Title 18 into positive law as codified. Act of June 25, 1948, ch. 645, 62 Stat. 683. Thus, it would be in accord with the statutory scheme expressly approved by Congress to apply the § 641 definition to § 659. *Cf. United States v. Lewis*, 362 F.2d 759 (2d Cir. 1966).

Since we find that the § 641 definition is applicable to § 659, the decision of the trial court that the value of the property taken by Watson exceeded $100.00 is affirmed.[2]

---

1. The predecessor to 18 U.S.C. § 641 was first enacted in 1909. Act of March 4, 1909, ch. 321, 35 Stat. 1095, 1096–1098. The predecessor to 18 U.S.C. § 659 was first enacted in 1913. Act of February 13, 1913, ch. 50, 37 Stat. 670.

2. Notwithstanding this affirmance, the trial court retains the right under Fed.R.Crim.P. 35 to modify the sentence if it sees fit.