UNITED STATES of America,
Plaintiff-Appellee,

v.

Michael Edward GUIFFRE,
Defendant-Appellant.

No. 77–1724.

United States Court of Appeals,
Seventh Circuit.

Argued Dec. 5, 1977.

Decided May 19, 1978.

Julius Lucius Echeles, Chicago, Ill., for defendant-appellant.

Robert T. McAllister, Asst. U. S. Atty., Chicago, Ill., for plaintiff-appellee.

Before FAIRCHILD, Chief Judge, TONE, Circuit Judge and CAMPBELL, Senior District Judge.*

WILLIAM J. CAMPBELL, Senior District Judge.

The indictment in this case charged that the defendant-appellant Michael Edward Guiffre violated 18 U.S.C. § 2113(b) by taking and carrying away with intent to steal approximately $22,792.77. The indictment specified that the taking was accomplished by means of presenting false checks. Following a bench trial on agreed facts, the district court found Guiffre guilty and imposed a sentence of six months' imprisonment to be followed by a two-and-one-half year period of probation. We affirm.

During June and July, 1976, defendant deposited twenty-three checks, which were stolen from the City of Chicago, into three separate accounts at the Melrose Park National Bank. Two accounts stood in the name of his wife, Anna Guiffre, and one account stood in the name of Raymond Gordon, an assumed name used by the defendant. Having deposited the stolen checks with forged endorsements into these accounts, Guiffre withdrew the money in varying amounts. Defendant conducted all his transactions at the bank with Deborah Baldassari, a teller, who knew the checks were stolen.[1]

In relevant part, 18 U.S.C. § 2113(b) provides:

"Whoever takes and carries away, with intent to steal or purloin, any property or money or any other thing of value exceeding $100 belonging to, or in the care, custody, control, management, or possession of any bank, credit union, or any savings and loan association, shall be fined not more than $5,000 or imprisoned not more than ten years, or both."

Guiffre contends that his conduct as charged in the indictment and proven at trial does not amount to larceny as that offense was known to the common law, and hence the indictment failed to allege and the evidence failed to establish an offense under 18 U.S.C. § 2113(b). Central to this contention is the assertion that 18 U.S.C. § 2113(b) only proscribes conduct amounting to common law larceny. We are thus called upon to determine whether the use of the words "takes and carries away, with intent to steal or purloin" serves to limit the applicability of 18 U.S.C. § 2113(b) to acts constituting common law larceny. We hold that the statute is not so limited.

In *United States v. Turley*, 352 U.S. 407, 77 S.Ct. 397, 1 L.Ed.2d 430 (1957), the Supreme Court was confronted with a similar issue involving the interpretation of the term "stolen" in the Dyer Act, 18 U.S.C. § 2312. In that case the Court held that the use of the term "stolen" did not serve to limit the application of the Dyer Act to takings which amounted to common law larceny. Rather, the Court stated that " '[s]tolen' as used in 18 U.S.C. § 2312 includes all felonious takings of motor vehicles with intent to deprive the owner of the rights and benefits of ownership, regardless of whether or not the theft constitutes common law larceny". *Id.* at 417, 77 S.Ct. at 402.

Relying on the Supreme Court's analysis in *Turley*, the Fifth and Second Circuits have held that 18 U.S.C. § 2113(b) is not to be so narrowly construed that its applicability is limited to only larceny as that crime was known to the common law. *United States v. Fistel*, 460 F.2d 157, 162 (2d Cir. 1972); *Thaggard v. United States*, 354 F.2d 735, 736–738 (5th Cir. 1965), *cert. denied*, 383 U.S. 958, 86 S.Ct. 1222, 16 L.Ed.2d 301 (1966). The Fourth Circuit has taken a contrary view and has stated in *dicta* that 18 U.S.C. § 2113(b) "reaches only the offense of larceny as that crime has been

---

* Senior District Judge William J. Campbell of the Northern District of Illinois is sitting by designation.

1. The record showed that Baldassari assisted Guiffre in exchange for $200.00. She was not charged with defendant, but instead was placed in the Pre-Trial Diversion Program.

defined by the common law." *United States v. Rogers*, 289 F.2d 433, 437 (1961). *Rogers* neither mentions nor discusses *Turley*. Similarly, the Ninth Circuit in *LeMasters v. United States*, 378 F.2d 262 (1967), held that 18 U.S.C. § 2113(b) did not include obtaining money by false pretenses within the ambit of its proscription, but rather was limited in application to the offense of common law larceny. *Turley* was distinguished by *LeMasters* on the basis that the Dyer Act involved in *Turley* required a broad construction of the word "stolen" in order to implement the policy underlying the Act. *Id.* at 267.

With all deference to the views expressed by the Fourth and Ninth Circuits, we believe that the better construction of the words "takes and carries away, with intent to steal or purloin" was afforded by the Second and Fifth Circuits in *Fistel* and *Thaggard*, respectively. Those decisions rely directly on the Supreme Court's interpretation in *Turley* of the term "stolen" as a basis for broadly interpreting the language of 18 U.S.C. § 2113(b) to apply to felonious takings with intent to deprive the owner of rights and benefits of ownership. In accord with *Fistel* and *Thaggard* we hold that 18 U.S.C. § 2113(b) is not limited in application to offenses amounting to common law larceny, but rather is applicable to the taking charged in the indictment in this case and established by the agreed facts.

 While the indictment charged theft and the facts substantiated that charge, the judgment and commitment order indicates that defendant was convicted of "knowingly, willfully, and unlawfully robbing a Federally insured Bank." [App. 3] Defendant contends that the discrepancy between the offense charged (theft) and that of which he stands convicted per the judgment order (robbery) invalidates the conviction.[2] This is so, Guiffre argues, because the guilty finding operates as an acquittal of any lesser offenses which merge into the greater, and as to which no findings were entered. We do not agree.

The record does not reflect, and we fail to perceive, any prejudice to defendant as a result of the misdesignation of the crime of which he stands convicted. Although defendant asserts that the mis-characterization of the offense may have a bearing on punishment, this assertion ignores the fact that defendant remains free on bond pending the outcome of this appeal, and that any arguable defect in the judgment and commitment order can be easily remedied by remanding the case to the district court for purposes of correcting that order. See: *United States v. Dandridge*, 437 F.2d 1324 (7th Cir. 1971).

 Defendant also contends that the sentence imposed by the district court should be vacated as excessive. We find no merit to this contention.

For the foregoing reasons, defendant's conviction is affirmed. The cause is remanded to the district court for the sole purpose of correcting the judgment and commitment order.

AFFIRMED, REMANDED WITH DIRECTIONS.

---

2. Defendant did not move the district court to correct the judgment order pursuant to Rule 35 or 36, F.R.Crim.P.