**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Sheila CLARK, Defendant-Appellant.**

**No. 83–3066.**

United States Court of Appeals,
Seventh Circuit.

Argued May 11, 1984.
Decided Aug. 9, 1984.

Terence McCarthy, Federal Defenders Program, Chicago, Ill., for defendant-appellant.

Thomas J. Scorza, Asst. U.S. Atty., Dan K. Webb, U.S. Atty., Chicago, Ill., for plaintiff-appellee.

Before PELL and FLAUM, Circuit Judges, and KELLAM, Senior District Judge.*

KELLAM, District Judge.

Tried to the Court on stipulated facts, Sheila Clark appeals her conviction for (1) entering a federally insured bank with intent to commit a felony affecting the bank, in violation of 18 U.S.C. § 2113(a), and (2) unlawful possession of the contents of a first-class letter stolen from the mails, knowing the contents to be stolen, in violation of 18 U.S.C. § 1708. Finding no error, we affirm.

## I.

The defendant, with the consent of the United States, having waived a jury and submitted the case to the court on stipulated facts, the issue on appeal resolves itself into one of sufficiency of the evidence to support the conviction on each of the two counts of the indictment.

On March 4, 1983, Morris Jones deposited in a United States mailbox at 11th and Madison Streets, Maywood, Illinois, a letter containing a 1984 State of Illinois Vehicle Registration Card in the name of Jean Bell Jones and a check for $18.00, payable to Illinois Secretary of State, drawn on the Joneses' account at Maywood-Proviso State Bank in Maywood (Bank). Sometime during the day of March 4, the aforesaid mailbox was broken into and all of the mail in it stolen.

Shortly prior to March 12, 1983, Eric Shrempp Photograph Company (ERIC) closed its account at Bank, and discarded numerous unused checks in the trash. ERIC, neither before nor after closing the account, had ever issued a check to either Clark or Jean Bell Jones.

On March 12, 1983, eight days after the mail had been stolen from the aforesaid mailbox, defendant Clark entered the bank and presented for cashing a check drawn on the closed account of ERIC in the sum of $472.63, payable to Jean Bell Jones, who had an account at the bank. Defendant entered the said bank for the purpose of cashing the said check. The teller told defendant the bank had a policy that limited the cashing of any check up to $300.00, and recommended Clark fill out a deposit slip in order to deposit $172.63 of the proceeds of the check in her bank account (Jean Bell Jones account), and receive the $300.00 in cash. While defendant was completing the deposit slip, the bank teller compared the signature of Jean Bell Jones on her account signature card with the endorsement on the $472.63 check. The teller observed the endorsement did not match the signature card, and that defendant did not resemble the photo of Jean Bell Jones on the account signature card. The teller notified the security guard, and defendant was subsequently arrested by Maywood police. During the search of defendant's

---

* The Honorable Richard B. Kellam, Senior District Judge for the Eastern District of Virginia, sitting by designation.

purse, the police found the Illinois Vehicle Registration Card which Morris Jones had deposited in the mailbox on March 4th. The check which had been mailed with the registration card was not found on defendant.

## II.

Title 18 U.S.C. § 2113(a) in part, provides:

> Whoever enters or attempts to enter any bank ... with intent to commit in such bank ... any felony affecting such bank ... and in violation of any statute of the United States, or any larceny....

Section 2113(b), in part, provides:

> Whoever takes and carries away, with intent to steal or purloin, any property or money or any other thing of value exceeding $100.00 belonging to, or in the care, custody, control, management or possession of any bank, ... shall be fined not more than $5,000 or imprisoned not more than ten years, or both.

It is agreed the deposits of Bank are insured by the Federal Deposit Insurance Corporation.

 The evidence established that defendant entered the Bank for the purpose of cashing the check of $472.63 and of stealing and carrying away from said Bank that sum of money. As pointed out by the district court, defendant was not charged with having attempted to obtain the Bank's money by false pretense. To steal or purloin money, property or anything of value from a federally insured bank, and any larceny, is a felony, and anyone who enters or attempts to enter a federally insured bank with intent to commit in said bank any felony affecting such bank, or any larceny, is guilty of an offense. The first paragraph of section (a) of 2113 defines robbery of a bank by force or violence. "The second paragraph makes it an offense to enter a bank with intent to commit a felony. This permits prosecution of one who attempts robbery or other felony and fails in the consummation of it." *United States v. Poindexter,* 293 F.2d 329, 331 (6th Cir.1961), *cert. denied,* 368 U.S. 961, 82 S.Ct. 407, 7 L.Ed.2d 392 (1962). The unlawful entry was "inserted in the statute to cover the situation where a person enters the bank for the purpose of committing a crime, but is frustrated for some reason before completing the crime." *Prince v. United States,* 352 U.S. 322, 328, 77 S.Ct. 403, 406, 1 L.Ed.2d 370 (1957). The "heart of the crime is the intent to steal." *Id.* Hence, entry with intent to commit in such bank "any felony affecting such bank, or any larceny," is prohibited by law and is a felony. The felony intended was the offense set forth in section (b) "with intent to steal or purloin" any property or money exceeding $100.00 in the possession, management and control of the bank. The offense is entry into the bank with the intent to unlawfully take and carry away the property of the bank and deprive such bank of the ownership, possession, use and benefits or to appropriate the money wrongfully. Success is not a part of the offense. Entering with the intent is all that is required. The language steal and purloin, as used in 2113(b), is not limited to the common law definition of larceny. *United States v. Guiffre,* 576 F.2d 126, 127–128 (7th Cir.), *cert. denied,* 439 U.S. 833, 99 S.Ct. 113, 58 L.Ed.2d 128 (1978); *United States v. Fistel,* 460 F.2d 157, 162 (2d Cir.1972); *United States v. Simmons,* 679 F.2d 1042 (3d Cir.1982); *Thaggard v. United States,* 354 F.2d 735, 736–738 (5th Cir.1965), *cert. denied,* 383 U.S. 958, 86 S.Ct. 1222, 16 L.Ed.2d 301 (1966); *United States v. Maloney,* 607 F.2d 222 (9th Cir.1979); *United States v. Shoels,* 685 F.2d 379 (10th Cir.1982). *See also, United States v. Turley,* 352 U.S. 407, 411, 77 S.Ct. 397, 399, 1 L.Ed.2d 430 (1957).[1]

In *Brunjes v. United States,* 329 F.2d 339, 340 (7th Cir.), *cert. denied,* 377 U.S. 983, 84 S.Ct. 1892, 12 L.Ed.2d 751 (1964), defendant contended that the offense

---

**1.** Nor is section 2113(b) "limited to common-law larceny." *Bell v. United States,* 462 U.S. 356, 103 S.Ct. 2398, 2402, 76 L.Ed.2d 638 (1983).

charged under section 2113 was common law larceny, and that the indictment failed to charge an offense defined in section 2113. In overruling defendant's contentions, the court said:

> Under the second paragraph of section 2113(a), the entry or the attempted entry of a bank with intent to commit a felony or larceny is sufficient to sustain a conviction. The intended felony or larceny need not be accomplished.
>
> * * * * * *
>
> An offender may not only be guilty of having entered a bank to commit a larceny (prescribed by 2113(a)) but also may have accomplished the intended larceny (prescribed by § 2113(b)). In that situation he may be indicted under either or both subsections.

Defendant asserts that *Jerome v. United States*, 318 U.S. 101, 63 S.Ct. 483, 87 L.Ed. 640 (1943), and *Bell v. United States*, 462 U.S. 356, 103 S.Ct. 2398, 76 L.Ed.2d 638 (1983) prohibited a finding of guilty in this case. We disagree.

Jerome entered a federally insured bank in Vermont, intending to obtain cash in exchange for a forged promissory note. The note was discounted but never paid. The transaction was a loan, albeit on a forged promissory note. Unlike the case sub judice, there was missing the intent to steal or purloin. The court held that the utterance of the forged promissory note was a felony under Vermont law, but not under any federal statute, and since § 2113 covered only federal felonies, that case did not come within the prohibition of § 2113. There, in affirming the conviction, the Court of Appeals had held that "felony," as used in the statute, included offenses which are felonies under state law. The Supreme Court, in reversing, held that the language of the statute did not cover state felonies, but only federal felonies, and that uttering of the forged promissory note, in that case, was not a federal felony. However, an intent to steal or purloin or commit any larceny of the funds in control of the bank is a federal felony.

Defendant cannot escape conviction under *Bell*. There, the court held that the language of section 2113(b) went beyond the common law definition of larceny, and was "broader than common law larceny, for it covers 'any property or money or any other thing of value exceeding $100.00,'" and it "applies when the property 'belongs to' or is 'in the case, custody, control, management or possession of' a covered institution." 103 S.Ct. 2401. Further, the court held that the language does not apply to a case of false pretense in which there is no taking and carrying away. Here, the elements of the offense are (1) entering, or attempting to enter a federally insured bank, (2) with intent to commit in such bank any felony affecting the bank in violation of a statute of the United States, or any larceny. The felony affecting the said bank, or any larceny, is the felony prescribed by section 2113(b), intent to take and carry away with intent to steal or purloin. To take and carry away with intent to steal any property or money belonging to or in the care, custody, control or management of the bank is a federal felony prescribed by section 2113(b). Paragraph two of section 2113(a) makes it a felony to enter or attempt to enter the insured bank, with the intent to take or carry away. The offense may be completed without gaining entry or without taking or carrying away. Intent is the heart of the offense. Here, defendant's intent was clear.

### III.

Turning to the second charge of the indictment, the evidence establishes that the Illinois Vehicle Registration Card was deposited in the mails on March 4th; that all mail in the box was stolen on March 4th, and defendant was found in possession of the registration card on March 12th. Mailed with the registration card was a check, drawn on the joint account of Jean Bell Jones and her husband, with the same bank where defendant sought to cash the $472.63 check. The name of Jean Bell Jones was endorsed on the back of the check for $472.63 by someone other than Mrs. Jones. Defendant had the bank ac-

count number of the Joneses and made out a deposit slip to enable her to deposit $172.63 of the proceeds of the check into the Jones account. She made no explanation of her possession of the registration card or the account number of the Jones bank account, or how she knew that Jean Bell Jones had an account at the Maywood-Proviso State Bank.

■ This is not to suggest that defendant, in the exercise of her constitutional rights, was required to take the witness stand and testify, or to make any explanation, and no inference may be drawn from her failure to testify. Possession may be satisfactorily explained through other circumstances and other evidence, independent of any testimony by the accused. But, the privilege of self-incrimination does not preclude the trier of the facts from drawing an adverse inference if justified by the facts.

We commence with the principle "that an inference of guilty knowledge may be drawn from the fact of unexplained possession of stolen goods." *Barnes v. United States,* 412 U.S. 837, 843, 93 S.Ct. 2357, 2362, 37 L.Ed.2d 380 (1973). Defendant was in possession of the registration card which the trier of the facts determined had been recently stolen from the mails. "It is well established that possession of recently stolen goods supports an inference of participation in the theft." *Altom v. United States,* 454 F.2d 289, 293 (7th Cir.1971) (citation of cases omitted), *cert. denied,* 406 U.S. 917, 92 S.Ct. 1765, 32 L.Ed.2d 116 (1972); *United States v. Lambert,* 463 F.2d 552 (7th Cir.1972). Earlier, we said in *United States v. Anost,* 356 F.2d 413, 416 (7th Cir.1966) that mere possession of recently stolen property warrants the inference of guilty knowledge, unless a satisfactory explanation of possession is made consistent with innocence.

*Doub v. United States,* 341 F.2d 572 (9th Cir.), *cert. denied,* 382 U.S. 851, 86 S.Ct. 98, 15 L.Ed.2d 89 (1965), and *United States v. Wade,* 364 F.2d 931, 934 (6th Cir.1966), held that possession of a letter or its contents shortly after they had been deposited in the United States mail, if not satisfactorily explained, is a circumstance from which a trier of the facts may reasonably draw the inference, and find in the light of the surrounding circumstances, that the person in possession participated in some way in the offense. In the *Doub* case, the court held that possession of checks taken from the mail earlier found in possession of one arrested on another charge, the same circumstances as this case, that possession of the checks *alone* was sufficient to present a jury question as to how such checks reached defendant's possession.

■ The facts of this case bring it within *Barnes v. United States, supra.* There, petitioner was in possession of recently stolen Treasury checks payable to persons he did not know. "On the basis of this evidence alone, common sense and experience tell us that petitioner must have known or been aware of the high probability that the checks were stolen," and such "evidence was clearly sufficient to enable the jury to find beyond a reasonable doubt that petitioner knew the checks were stolen." 412 U.S. at 845, 93 S.Ct. at 2363.

### IV.

■ The circumstantial evidence in this case is strong and more than sufficient to establish guilt beyond a reasonable doubt. "Circumstantial evidence is as pertinent as direct evidence to the establishment of guilt or innocence." *United States v. Cogwell,* 486 F.2d 823, 828 (7th Cir.1973). See *United States v. Wigoda,* 521 F.2d 1221, 1225 (7th Cir.1975); *Holland v. United States,* 348 U.S. 121, 140, 75 S.Ct. 127, 137, 99 L.Ed. 150 (1954). As the court pointed out in *Holland, supra,*

Admittedly, circumstantial evidence may in some cases point to a wholly incorrect result. Yet, this is equally true of testimonial evidence. In both instances, a jury is asked to weigh the chances that the evidence correctly points to guilt against the possibility of inaccurate or ambiguous inference.

In speaking of circumstantial evidence, in *Michalic v. Cleveland Tankers, Inc.,* 364 U.S. 325, 330, 81 S.Ct. 6, 11, 5 L.Ed.2d 20 (1960), the court said:

But, direct evidence of a fact is not required. Circumstantial evidence is not only sufficient, but may also be more certain, satisfying and persuasive than direct evidence.

If the fact finder is convinced beyond a reasonable doubt, we can require no more. *United States v. Roustio,* 455 F.2d 366, 370 (7th Cir.1972).

Viewing the evidence and all reasonable inferences to be drawn therefrom in the light most favorable to the government, it is sufficient to establish the guilt of the defendant beyond a reasonable doubt. The finding of the district court is therefore

AFFIRMED.