815 F.2d 78
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Leroy Emanuel JOHNSTON, Jr., Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 86-3771.
 United States Court of Appeals, Sixth Circuit.
 Feb. 20, 1987.
 
 Before MERRITT, WELLFORD and MILBURN, Circuit Judges.
 
 ORDER
 
 1
 This matter is before the Court for consideration of appellant's motion for appointment of counsel on appeal from the district court order which dismissed his motion for modification of sentence (28 U.S.C. Sec. 2255) and for findings of fact pursuant to Rule 32(c)(3)(D), Federal Rules of Criminal Procedure. Appellant has also filed a motion to proceed in forma pauperis. This case has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and appellant's brief, this panel unanimously agrees that oral argument is not necessary. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 On December 27, 1984, appellant was sentenced to a four year term of imprisonment pursuant to a judgment and commitment order entered on a jury verdict of guilty of theft of interstate shipment in violation of 18 U.S.C. Sec. 659. His direct appeal resulted in this Court's order of November 8, 1985, which affirmed appellant's conviction.
 
 
 3
 On May 1, 1986, appellant filed a motion for modification of sentence (Sec. 2255) and for findings of fact (Rule 32(c)(3)(D)). The basis for the motion is that evidence of the value of the goods that were the subject of appellant's theft conviction was improperly submitted to the jury and, as a result of the improper value, the United States Parole Commission rated his offense a Category Four. Appellant contends that the finding by the United States Parole Commission concerning the value of the goods is improper and that if the goods were valued as he proposes, his offense rating would be a Category Three, thereby making him eligible for parole sooner. The district court dismissed the action.
 
 
 4
 With respect to appellant's motion to modify his sentence on the basis that the goods that were the subject of his conviction for theft, it is clear that the motion is not well taken. The indictment which charged appellant with theft specified that the 13 coils of aluminum were valued at $38,959.00. Appellant did not question the value of the aluminum on direct appeal and cannot do so now. See Chin v. United States, 622 F.2d 1090 (2nd Cir.1980), cert. denied, 450 U.S. 923 (1981). Furthermore, the valuation of the aluminum appears to be proper. According to 18 U.S.C. Sec. 641, value is "face, par or market value, or cost price, either wholesale or retail, whichever is greater." This definition of value is applicable to merchandise that is subject to theft under 18 U.S.C. Sec. 659, the statute under which appellant was convicted. See United States v. Watson, 570 F.2d 282 (9th Cir.1978). The documents that accompany appellant's motion to modify sentence clearly establish that the retail cost of the aluminum was $38,959.00. Finally, it is apparent that appellant is attempting to challenge the findings of the United States Parole Commission regarding the value of the aluminum by way of the 2255 motion to modify sentence. Appellant was afforded an opportunity to challenge the United States Parole Commission determination through administrative channels. The findings of the United States Parole Commission are necessary to determine parole eligibility and are not subject to review by this Court. Farkas v. United States, 744 F.2d 37, 38-39 (6th Cir.1984).
 
 
 5
 Appellant also moved the district court to enter findings of fact pursuant to Federal Rules of Criminal Procedure 32(c)(3)(D). Appellant asserts that he wanted the sentencing court to enter findings of fact regarding appellant's objections to the presentence investigation report when he was sentenced, but his attorney did not move the court to do so. The information provided by appellant indicates that appellant did object to certain opinion evidence contained in the presentence investigation report to the effect that appellant had a gambling problem and that he was living in a delusion. Because the disputed information was not fact but opinion, it is concluded that the district court did not err in failing to enter findings on disputed information as required by Federal Rules of Criminal Procedure 32(c)(3)(D). Insofar as appellant is asserting that his attorney rendered ineffective assistance by not ensuring that findings were made, appellant fails to show any actual prejudice. See Strickland v. Washington, 466 U.S. 668 (1984).
 
 
 6
 The questions on which this case depends are so unsubstantial as not to require further argument. Rule 9(d)(3), Rules of the Sixth Circuit. The motion to proceed in forma pauperis is granted; the motion for the appointment of counsel is denied. The final order of the district court is affirmed.